Donald J. Corbett, Jr., J.
Petitioner, by her petition of January 6, 1974, seeks to enforce a purported Family Court order of support dated July 9, 1971, which provided that her former husband, the respondent herein, pay weekly support for petitioner and three children. The petition alleges violation of support and seeks to recover arrears. The purported order provided that the support payments were to commence on July 16, 1971 and weekly thereafter.
The court clerk’s minutes of a hearing held on July 9, 1971, indicate that a finding was made by the Family Court Judge declaring the respondent responsible for supporting his wife and three children and directing and ordering support in the amount of $17.50 per person per week, for a total of $70 per week. Both parties were represented by private counsel, other than the appearances herein.
On December 18, 1974, some 3 Vi years after the hearing, a written order incorporating the provisions was presented to and signed by the Family Court Judge and thereafter entered.
However, prior to the written order being signed and entered, petitioner obtained a judgment of divorce against the respondent on September 11, 1972. The judgment of divorce ordered that the "Family Court Support Order of June 10, 1971, be continued in this Judgment.”
In his reply to the petition of January 6, 1974, respondent argues that since there was no formal written Family Court order which could have been continued by the divorce decree of the Supreme Court, there is no valid order which this court may now enforce. He also urges that petitioner was guilty of laches in failing to file the order in a timely manner and sets *456 forth a change of circumstances since the divorce consisting of the petitioner’s obtaining gainful employment for the last two years and her waiver of claim for her support, together with an order of this court awarding him custody of his son, dated December 30, 1974. Respondent claims that petitioner is employable and her present lack of employment is deliberate and that his financial conditions do not permit him to provide support.
The question before this court is whether an entry in the Family Court clerk’s minutes, not reduced to a written order, is enforceable.
The provisions of the CPLR shall, unless otherwise prescribed by the Family Court Act, apply to proceedings of the Family Court to the extent that the CPLR is appropriate to the proceedings involved (Family Ct Act, §§ 164, 165). The CPLR is utilized by Family Court as a working tool to facilitate its statutory mandate (Matter of Schwartz v Schwartz, 23 AD2d 204; Matter of Ratner v Ratner, 73 Misc 2d 374). Orderly administration of justice requires that all orders of the Family Court be prepared and completed as provided in the Family Court Act and the CPLR.
The Family Court is a court of record, and as such has all of the powers, both plenary and supervisory, to modify or vacate any prior support order and also to cancel any and all arrears under prior orders (Judiciary Law, § 2, subd 8; Matter of Pavich v Pavich, 24 AD2d 482).
CPLR 2219 (subd [a]) provides that an order determining any motion, except one relating to a provisional remedy, shall be made (by the court) within 60 days after the motion is submitted for decision, and further that the order be in writing and signed with the Judge’s signature or initials, and must also state the name of the court and the place and date of signature.
CPLR 2220 provides that an order determining a motion shall be entered and Med in the office of the clerk where the action is triable. In addition, and as a supplement to the CPLR, the Judicial Conference (now the Office of Court Administration) has proposed rules of court under section 212 of the Family Court Act. The rules of the Family Court (of this county) specifically provide that ”[a]ll orders of disposition shall be reduced to writing and shall be filed with the clerk of the Family Court for submission for signature to the appropri *457 ate judge.” (22 NYCRR 2655.5; Family Ct Act, §§214, 212, subd [a].)
Since no issue has been raised with respect to the service of the order with notice of entry thereon, the court will assume for the purpose of this decision that it was made at or about the time of entry on December 18,1974.
In School of Music v Moritt (135 NYS2d 43, 45) the court stated that "It is elementary that any direction or disposition made by a court or a judge in an action or special proceeding (apart from judgments which are governed by special rules and practice) must be made by written order and that until the court’s disposition is so embodied it is without effect. An oral disposition made upon argument is simply a direction and guide to the parties and their attorneys for the preparation and submission of the formal order” (citing Civ Prac Act, § 127, predecessor to CPLR 2219).
The general principles which apply to judicial determinations, judgments, and orders, in which the court has jurisdiction of the parties and the subject matter, apply also to orders of the Family Court. An order of support is a dispositional order and is not incidental.
It has been held that where a judgment of divorce containing support provisions was not entered until 27 months after trial, an order could not be made directing payment of arrears dating back to the date of trial (Matter of Masters v Masters, 55 Misc 2d 466, 467).
If any party aggrieved is to exercise the remedy of appeal or reargument, such party must have a written, signed, and entered order in his possession. (Harvey v Hammer, 42 Misc 2d 1096.) The time to appeal an order of the Family Court commences 30 days after the filing of the order and service upon the party to be charged. Either party, aggrieved or not, may enter and file the order. The right of appeal is inherent in an ordered process, and such right presumes the existence of a decision capable of actually being appealed. Appeal only lies where a clerk of court has entered and filed orders where the action was tried. The orderly administration of justice in all courts can demand no less. (Carter v Castle Elec. Contr. Co., 23 AD2d 768; Kinner v Kuroczka, 12 AD2d 383.)
Accordingly, all Family Court dispositional orders, including orders of support, must be reduced to writing, signed, or initialed by the Judge, state the court of which he is the Judge, and the date and place of signature. The order must *458 then be filed or entered in the proper clerk’s office and a copy served with notice of entry thereon upon the other party or counsel. (McCormick v Mars Assoc. 25 AD2d 433.) This has not occurred in this case.
This court is constrained to find that there was no order of support which could have been continued in the divorce decree. The order in question was not reduced to writing nor signed by the Judge who made it and was not entered for more than two years after the date of the divorce decree which purported to continue it.
Accordingly, the petition alleging violation of an order of this court is therefore dismissed.