**In re Raymond F. AUER, Debtor.**

**Bankruptcy No. 881–81180–20.**

United States Bankruptcy Court,
E. D. New York,
at Westbury.

July 30, 1982.

Donald F. Van Cook by Thomas L. Farley, Deer Park, N. Y., for debtor.

Joseph Rubin, Smithtown, N. Y., for creditor; Keith Rothman, Smithtown, N. Y., of counsel.

Brian B. Mulholland, Hauppauge, N. Y., for Suffolk County.

MEMORANDUM AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

Raymond F. Auer ("the debtor") having reopened his chapter 7 case, 11 U.S.C. §§ 350(b), 701 *et seq.* (Supp. IV 1980), moves this Court to issue a permanent injunction enjoining the law firm of Graves, Gold & Darbee, Esqs. (GG&D) from executing on a $1,000.00 judgment, assigned to it, yet allegedly discharged within the prior proceedings. Motion denied.

*Findings of Fact*

1. The debtor and his former spouse, Mary Ellen White, were married on 25 November 1954 and divorced by an order of the New York Supreme Court, Suffolk County dated 24 September 1979 based on the debtor's cruel and inhuman treatment of Ms. White.

2. The judgment awarded custody of the two minor issue of the marriage to Mary Ellen (the five older children having been emancipated prior thereto), awarded her $20.00 per week per minor child in child support and $35.00 per week in alimony until such time as the youngest child became emancipated or reached 21 at which time she was to receive $40.00 per week in alimony.

3. The judgment also awarded her $1,000.00 for counsel fees and expenses.

4. On 5 June 1980, for $10.00, Mary Ellen assigned the $1,000.00 judgment for counsel fees and expenses to GG&D presumably to aid in its collection.

5. On 24 March 1981 GG&D entered such judgment with the Suffolk County Clerk in the amount of $1,010.00.

6. On 3 April 1981, the debtor filed a petition under chapter 7 of the Bankruptcy Code, scheduled GG&D as creditors and was duly discharged from his dischargeable debts thereafter.

7. That notwithstanding GG&D has continued to execute on its judgment by virtue

of an income execution it has issued to the Suffolk County Sheriff.

### Conclusions of Law

■ 1. The provision requiring the debtor to pay Mary Ellen's counsel fees was in the nature of alimony and support.

2. It is therefore nondischargeable notwithstanding its assignment to GG&D.

### Discussion

The Code provides that a debtor's obligation to pay his former spouse's counsel fees incurred in a divorce or separation proceeding is nondischargeable provided such liability is actually in the nature of alimony, maintenance, or support. 11 U.S.C. § 523(a)(5). Where such an award "was essential to a spouse's ability to sue or defend a matrimonial action" it was "a necessary" the payment of which constitutes alimony or support. *Pauley v. Spong*, 661 F.2d 6, 9 (2d Cir. 1981); *see also Growney v. Growney*, 15 B.R. 849, 850 (Bkrtcy.W.D.N.Y.1981).

In the instant case, although not entirely clear from the divorce judgment, when such decree is read as a whole, the Court believes the debtor was ordered to pay his former spouse's counsel fees as additional alimony or support.

■ In response, the debtor, relying on 11 U.S.C. § 523(a)(5)(A), argues that although the original award may have been in the nature of alimony or support, when it was assigned to GG&D, it lost, by virtue of the assignment, its nondischargeable status.[1] The teaching of *Spong*, however, is to the contrary.

In *Spong*, an award of counsel fees had been made directly to an attorney. When the attorney sued for a declaration that the debt was not discharged, the debtor similarly argued that its nondischargeable character had been lost via an assignment.

On appeal, the Second Circuit rejected this analysis upon alternative theories. Initially, they held that the only prohibited assignments were those to state welfare agencies. 661 F.2d at 10. Alternatively, they invoked that tenet of bankruptcy jurisprudence "that dischargeability must be determined by the substance of the liability rather than its form," *id.* at 9, and held that it was a liability running to both the former spouse and the attorney under a third-party beneficiary contract theory, *id.* at 10. Consequently, they held it nondischargeable.

In the instant case, the award was made directly to the former spouse. Why then should an assignment to her attorneys for $10.00 change the result? In both *Spong*, as well as here, the award of counsel fees was made because of the former spouses' inability to pay their attorneys. In order to effectuate collection, in *Spong*, the award was drafted to run directly to the attorney; here it ran directly to the former spouse and was then assigned for $10.00. The goal, however, was the same, to wit, to enable the attorney to collect his fee from the debtor rather than from the former spouse who could not afford to pay it. Accordingly, it would be to exalt form over substance to fail to declare this debt nondischargeable. *Id.* at 11; *See also French v. Prante*, 9 B.R. 464, 468 (Bkrtcy.S.D.Cal. 1981).

### Conclusion

The debtor's motion for a permanent injunction is denied; GG&D's cross motion for a declaration of nondischargeability is granted.

So Ordered.

---

1. As an additional argument, the debtor asserts that GG&D's failure to commence a proceeding to declare the obligation in question nondischargeable during the pendency of the chapter 7 proceeding precludes GG&D from raising the argument as a defense now. Such an argument is meritless. Only objections to the dischargeability of a debt predicated on fraud, larceny or malicious injury need be filed within the prescribed time limits. *See* 11 U.S.C. § 523(c); *In re Killian*, 22 B.R. 551, at 553 n.5 (Bankr.E.D.N.Y.1982). Inasmuch as the instant defense is not so predicated, the defense is timely. *Id.*