In re Bruce D. HORTON and Joyce A. Horton, Debtors.

Carolyn Horton WALKER, Plaintiff,

v.

Bruce D. HORTON, Defendant.

Bankruptcy No. 1–82–00118.
Adv. No. 1–82–0446.

United States Bankruptcy Court,
M.D. Pennsylvania.

July 12, 1983.

Nathaniel W. Boyd, York, Pa., for plaintiffs.

J. Michael Kierkegaard, York, Pa., for defendants.

## MEMORANDUM AND ORDER

ROBERT J. WOODSIDE, Bankruptcy Judge.

This matter comes before the Court on plaintiff's motion for summary judgment and defendant's cross motion for summary judgment. Carolyn Horton Walker (plaintiff) filed a complaint objecting to the discharge of a $9,000 debt owed to her by Bruce D. Horton (defendant) allegedly as alimony awarded to cover her attorney's fees and costs incident to a divorce. The defendant filed an answer and counterclaim and amended counterclaim. The answer denies that the $9,000 obligation is alimony and the counterclaim sets forth that plaintiff owes defendant $3,000 arising from the same order that required him to pay the $9,000. No answer was filed to the counterclaim. The parties submitted the following stipulation of facts.

### FINDINGS OF FACT

1. The plaintiff, Carolyn Horton Walker, is an adult individual residing at 5353 Camp Street, New Orleans, Louisiana 70115.

2. The defendant, Bruce D. Horton, is an adult individual who presently resides at 3497 Ronald Road, Crete, Illinois. Prior to moving to Illinois, defendant resided at 113 Sharon Drive, York, Pennsylvania, and filed for a discharge in bankruptcy under Chapter 7 of the Bankruptcy Code, the said case having been commenced by filing of a petition on February 17, 1982. Defendant was discharged of all dischargeable debts on September 15, 1982, by the Honorable Robert J. Woodside of the United States Bankruptcy Court for the Middle District of Pennsylvania.

3. Prior to the commencement of the subject Chapter 7 Bankruptcy, a certain Judgment (and Divorce Decree) had been filed by the Honorable Judge June Rose Galvin of the Lucas County, Ohio, Court of Common Pleas on March 2, 1981.

4. That Judgment ordered defendant to pay plaintiff as alimony, expenses of suit,

certain attorney's fees owed to one Ralph DeNune III for his representation of plaintiff, to wit, nine thousand dollars ($9,000), payable at the rate of three thousand dollars ($3,000) per month, for three (3) consecutive months on March 15, 1981, April 15, 1981 and May 15, 1981. Prior to filing the aforementioned bankruptcy, defendant had not paid the said nine thousand dollars ($9,000), nor any portion thereof.

5. The Judgment filed by the Ohio Court of Common Pleas on March 2, 1981, also ordered plaintiff to pay defendant the sum of three thousand dollars ($3,000) for his joint interest with the plaintiff in a certain condominium at 5737 Bernath Court, Toledo, Ohio, upon plaintiff's death, upon sale of the subject condominium, upon permanent vacation of the plaintiff from the said condominium, or within one (1) year of the youngest child of the parties being emancipated, whichever first occurred. Plaintiff has vacated the condominium since the time of the Ohio Court Order. At the time the plaintiff pays the sum of three thousand dollars ($3,000) to the defendant, according to the Ohio Order, the defendant is ordered to execute a release on any sum due and payable to him by the plaintiff for a loan with the defendant's daughter, Michelle Horton, and to the plaintiff. Defendant is willing and able to execute such a release of Michelle Horton and the plaintiff herein, upon payment to him of the said three thousand dollars ($3,000), as set forth in the said Judgment, page 18 thereof. Defendant is also willing and able to execute a quitclaim deed to plaintiff for the aforesaid property, after payment to him of the aforesaid three thousand dollars ($3,000).

6. Both the plaintiff and the plaintiff's former attorney, Ralph DeNune, III, Esquire, were listed on the defendant's schedule of creditors.

7. The plaintiff timely filed a complaint on July 22, 1982, objecting to the discharge of the defendant's liability for the aforementioned plaintiff's attorney's fees. The defendant timely filed an answer and counterclaim on August 23, 1982, and an amended counterclaim on September 15, 1982.

8. The parties hereto stipulate the aforementioned facts, the only issue remaining being one of law, to wit, whether or not the defendant, Bruce D. Horton, is discharged of his obligation under the aforementioned Ohio Judgment to pay plaintiff as alimony, expenses of suit, certain attorney's fees claimed by on Ralph DeNune III for his representation of plaintiff.

9. The parties hereto stipulate that the pertinent law with regard to this matter is set forth under 11 U.S.C.A. § 523(a)(5)(B), as well as any cases pertinent to the interpretation thereof.

## DISCUSSION

The statutory authority governing the resolution of this dispute is section 523(a)(5) of the Bankruptcy Code:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (5) to a spouse, former spouse, or child or the debtor, for alimony to maintenance for, or support of such spouse or child, in connection with a separation, agreement, divorce decree, or property settlement agreement, but not to the extent that—
>
> (A) such a debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
>
> (B) such debt includes a liability, designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523(a)(5) (1978). The parties' divorce decree rendered by the Court of Common Pleas of Lucas County, Ohio recites in pertinent part as follows:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff is ordered to pay as alimony, expenses of suit, the sum of three thousand dollars ($3,000) per month, for three (3) consecutive months, said payments are to be paid on March 15, 1981, April 15, 1981, and May 15, 1981, subject to the death or remarriage of the defendant,

and the plaintiff will indemnify the defendant for any tax liabilities incurred as a result of the receipt of said three thousand dollars ($3,000) per month for the three (3) month period. This award is based on the defendant's earning ability in relationship to the plaintiff, and that the issue was litigated as a custody matter.

*Horton v. Horton,* Case No. DR 79–1241 (Com.Pl. Lucas Co., Ohio, filed March 2, 1981).

The stipulation of facts makes it clear that the $9,000 to be paid to the plaintiff in this case pursuant to the above language was for her attorney's fees which she owed to Ralph DeNune, III. However, the great majority of courts have held that the award of attorney's fees is in the nature of alimony. *See In re Spong,* 661 F.2d 6 (2nd Cir.1981); *In re Auer,* 22 B.R. 274 (Bkrtcy.E.D.N.Y.1982). The rationale is that the award of counsel fees defrays the wife's expenses in prosecuting or defending a matrimonial action, thus putting her in equal position with her husband. *See Matter of Romeo,* 16 B.R. 531 (Bkrtcy.D.N.J. 1981). We agree with the majority and hold that defendant's obligation to plaintiff of $9,000 is a nondischargeable debt.

However, the amount of that nondischargeable debt in the sum of $9,000 should be reduced by the debtors' counterclaim. The counterclaim alleges that the plaintiff owes the debtor $3,000 under the provisions of their divorce decree upon her permanent vacation of the condominium which the debtor had provided. Plaintiff has permanently vacated the condominium. The counterclaim essentially requests a set-off of the mutual debts incurred by the debtor and the plaintiff incident to their divorce. *See* 11 U.S.C. § 553 (1978). We conclude that the debtor is entitled to setoff the $3,000 against the $9,000 which he owes to the plaintiff provided that he executes a release and quitclaim deed in compliance with the Divorce Decree of March 2, 1981, entered by the Ohio Court of Common Pleas. Accordingly, we will enter an appropriate order.