**In re Joseph Balfour SCHWARTZ, Debtor.**

**SEYMOUR OSTROW, P.C., Plaintiff,**

**v.**

**Joseph Balfour SCHWARTZ, Defendant.**

**Bankruptcy No. 84 B 11433.
Adv. No. 85–5069A.**

United States Bankruptcy Court, S.D. New York.

Oct. 3, 1985.

Lance Roger Spodek, New York City, for debtor.

Seymour Ostrow, New York City, plaintiff, pro se.

## DECISION AND ORDER

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

Seymour Ostrow, P.C., the plaintiff herein, moves, pursuant to Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7056 and Federal Rule of Civil Procedure ("FRCP") 56 for summary judgment on the first of two causes of action asserted in an adversary proceeding commenced against the debtor, Joseph Balfour Schwartz. Plaintiff avers that it is entitled to a judgment of nondischargeability, pursuant to § 523(a)(5) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.* (1978) ("Code"), of a debt it allegedly is owned by the debtor for attorneys fees in a pre-bankruptcy matrimonial action.

### I

Joseph Balfour Schwartz ("Debtor") filed a petition under Chapter 7 of the Code on October 5, 1984. Prior to that time, on October 21, 1983, debtor revived a divorce proceeding in the Supreme Court of the State of New York, County of New York seeking an order of contempt against his former wife, Carol Jean Schwartz, for violating his visitation rights as defined in a divorce decree entered on June 18, 1974. He further sought an order suspending all payments of alimony and child support, granting him sole custody of his two children, removing them from Catholic schools because of the separation agreement provision that they be "raised as Jews" and allowing him to enroll them in afternoon Jewish religious study courses, expanding his visitation rights and compelling his former wife to authorize the schools they attended to furnish him with notices and report cards.

Plaintiff and another attorney who performed some initial service represented Carol Schwartz in the action without retainer, agreeing to seek compensation solely by application to the state court pursuant to N.Y.Dom.Rel.Law § 237(b) (McKinney Supp.1977–1984) ("Domestic Relations Law").[1] Ostrow served debtor with a notice reflecting that intention on December 28, 1983.

After a seven day trial the state court entered a decision on March 2, 1984 which denied nearly all the relief requested by debtor. In a subsequent decision, entered on September 21, 1984, that court awarded counsel for Carol Schwartz a combined total of $21,718.75.

In making the award, the state court made no provision for settlement or submission of an order implementing the decision, but noted that the movant had requested "that if an award is made, it be in the form of a money judgment, if the defendant fails to make payment within thirty days from the date an order is entered." The court also ordered that

entry of judgment is to be deferred for thirty days from the date that plaintiff

---

1. Domestic Relations Law § 237(b) provides:

(b) Upon any application to annul or modify an order or judgment for alimony or for custody, visitation or maintenance of a child, made as in section two hundred thirty-six or section two hundred forty provided, or upon any application by writ of habeas corpus or by petition and order to show cause concerning custody, visitation or maintenance of a child, the court may direct a spouse or parent to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the other spouse or parent as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. With respect to any such application or proceeding such direction may be made in the order or judgment by which the particular application or proceeding is finally determined, or by one or more orders from time to time before the final order or judgment, or by both such final order or judgment. Any applications for counsel fees and expenses may be maintained by the attorney for either spouse in counsel's own name in the same proceeding.

causes a copy of this decision to be served upon the defendant and his retiring counsel. If the defendant makes payment of the said counsel fees within the said thirty day period, then no judgment will be entered. In the event that no timely payment is made, the Clerk is to enter judgment upon the presentation by counsel of an affidavit attesting to non-payment, along with a copy of this decision.

No payment was made; the debtor filed a Chapter 7 petition in this Court. Notwithstanding the automatic stay provided by § 361 of the Bankruptcy Code, 11 U.S.C. § 362 (1984), the state court entered an order on November 5, 1984 implementing the terms of its March 2, 1984 decision denying the relief requested by the debtor. Judgment on the award of attorneys fees was not entered and the parties agree that such entry is stayed by operation of § 362 of the Code. Plaintiff also seeks relief from the stay to allow entry of that judgment.

## II

The narrow issue presented on a motion for summary judgment is whether the papers presented raise a material issue of fact necessitating trial. *E.g., Burtnieks v. City of New York,* 716 F.2d 982, 995 (2d Cir.1983); *In re Euro-Swiss International Corp.,* 33 B.R. 872, 11 B.C.D. 113 (Bankr.S. D.N.Y.1983); J. Moore, W. Taggart & J. Wicker, 6 *Moore's Federal Practice* ¶ 56.04 (2d Ed.1981). The movant bears the burden of demonstrating the absence of such a question. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438 (2d Cir.1980). The party opposing the motion, however "must do more than whet the curiosity of

the court; he must support vague accusations and surmise with concrete particulars." *Applegate v. Top Associates,* 425 F.2d 92, 96 (2d Cir.1970).

In the present case, plaintiff seeks summary judgment on its action to have a debt declared nondischargeable pursuant to § 523(a)(5) of the Code, which, prior to its amendment on July 10, 1984, provided in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
\* \* \* \* \* \*
(5) to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support.[2]

A threshold question, therefore, relates to whether or not Justice Wright's award constitutes a "debt" for the purposes of application of § 523(a) of the Code. Section 101(11) defines a "debt" as a liability on a claim. A "claim" is defined in § 101(4) as a right to payment or a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment. Such rights constitute claims regardless of whether they are reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. 11 U.S.C. § 101(4).

Given the broad nature of the definition of a claim, it is apparent that plaintiff had a claim even prior to the state court's decision which was subject to being fixed or

---

**2.** As amended by P.L. 98–353 (July 10, 1984) § 523(a)(5) now reads "... in connection with a separation agreement, divorce decree, or other order of a court of record, or property settlement agreement...." The amendment applied to cases filed on or after October 8, 1984 (P.L. 98–353 § 553. This bankruptcy case was filed on October 5, 1984. Because of our holding

*infra,* that the fees constitute maintenance and support in connection with a divorce decree and separation agreement, we need not reach the issue of whether the amendment was merely declaratory of existing law as developed by the courts or a substantive change. *See In re Lion Capital Group, Inc.,* 44 B.R. 684 (Bkrtcy.S.D.N.Y. 1984).

denied by the state court pursuant to § 237(b) of the Domestic Relations Law.[3] That judgment was not entered is inconsequential. 11 U.S.C. § 101(4). Nor does the post-bankruptcy entry of an order implementing the terms of the March 2, 1985 Supreme Court decision in any way affects the instant summary judgment motion as the debtor asserts. Section 237(b) expressly provides for awards of attorneys fees prior to entry of an order or judgment disposing of the main action. The validity of the post-petition entry of judgment in the Supreme Court is, therefore, irrelevant.[4]

### III

We thus reach the issue of whether a debt to an attorney for counsel fees in a matrimonial action under the circumstances of this case, is nondischargeable under § 523(a)(5). Such a determination requires a characterization of the debt as alimony, maintenance or support. The test is of federal, rather than state, law. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6320. State law concepts have persuasive weight, however, since they are developed by courts having expertise in this area and "there is no federal law of domestic relations." *Pauley v. Spong (In re Spong )*, 661 F.2d 6, 9 (2d Cir.1981), quoting *DeSylva v. Ballentine,*

351 U.S. 570, 580, 76 S.Ct. 974, 979, 100 L.Ed. 1415 (1956). Such concepts are not controlling, however, and may be rejected in appropriate circumstances. *See, e.g., Boyle v. Donovan,* 724 F.2d 681 (8th Cir. 1984) (agreement to pay college tuition held to be support obligation notwithstanding state law emancipation of children over 18 years of age). The laudable goals of a fair uniformity among state and federal systems in this highly charged area requires, however, this displacement be the exception, not the rule, in cases not involving a division of property that should be available to creditors. *Cf.* S.Rep. No. 95–989 95th Cong., 2d Sess. 78 (1979).

An obligation to pay attorneys fees arising from a matrimonial action is generally considered maintenance. *See e.g., Spong,* 661 F.2d at 9. There the debtor's debt for counsel fees which his former wife incurred during their divorce proceeding, and which debtor had agreed to pay as part of the divorce settlement were held nondischargeable pursuant to § 523(a)(5) of the Code. The Court expressly followed the "sound reasoning" of the state court in concluding that

(a)n attorney's fees may be essential to a spouses's ability to sue or defend a matrimonial action and thus a necessary under the law. Accordingly, most states treat counsel fees as being within the

---

**3.** If there were no claim, there would be no debt. 11 U.S.C. § 101(11). Consequently, the discharge afforded by § 727(a) of the Bankruptcy Code would not apply, as both parties assume it would but for the exception provided by § 523(a)5, for § 727(a) makes clear that the discharge of § 727(a) "discharge the debtor from all debts that arose before the order for relief...." Were the debtor correct in his assertion that the debt could not arise until a judgment was entered pursuant to the decision of September 21, 1984, the debt would arise post-petition and not be discharged.

**4.** Domestic Relations Law § 237(b) provides that a direction of a spouse to pay attorneys fees is to be contained in an order or judgment or both. That the September 21, 1984 decision provided for later entry of a judgment thus supports it being construed as an order. The papers before us give no indication as to wheth-

er that document was entered in the docket pursuant to N.Y.Civ.Prac.R. 2220 (McKinney 1980) which requires same. If it is assumed that it was not entered, defendant does not contend that the failure to enter the decision makes it less of an obligation. Presumably, it is recognized that the proper course would be to vacate the automatic stay to permit to entry of the order and thereby speedily fix the claim. 2 *Collier on Bankruptcy* ¶ 362.07 (15th ed. 1985). Moreover, it appears that the failure to enter an order pursuant to § 2220 may not deprive the order of validity. In Peterfreund and McLaughlin, *New York Practice* 749 (1968) it is stated that "the failure to enter an order may result in the vacature thereof," thereby implying that it stands until vacated. Siegel, *Practice Commentaries,* N.Y.Civ.Prac.Law C2220:3 (McKinney 1974); *but cf. Parsons v. Parsons,* 82 Misc.2d 454, 368 N.Y.S.2d 988 (Fam.Ct. Monroe Co. 1975).

definition of alimony, maintenance, and support.

*Id.* at p. 9.

Of no consequence was that the payment of fees in *Spong* was made to the attorney rather than directly to the spouse, notwithstanding that § 523(a)(5)(A) provides for discharge if the debt were assigned to a non-governmental entity or pursuant to § 402(a)(26) of the Social Securities Act. The Second Circuit characterized the arrangement as a "paradigmatic third party beneficiary contract, which is not, and should not be confused with an assignment". *Id.* at p. 10; *See also In re Auer,* 22 B.R. 274 (Bankr.E.D.N.Y.1982).

This case presents precisely the type of circumstances warranting a finding that the debt is in the nature of maintenance or support. The award was made to his wife for fees she incurred in opposition to her husband. The state court's September 21, 1984 decision referred to her as "impoverished and without funds", and "unable to pay any counsel fee". Absent plaintiff's taking on the case, his client would no doubt have been unable to put on an effective defense. Section 237(b) requires that the condition of the respective parties be considered by the state court. Premising the award on the financial ability of the spouse seeking fees strongly infers that the debt is one for maintenance or support. *See, e.g., In re Czepiga,* 27 B.R. 950 (Bankr.D.Conn.1983); *In re Auer,* 22 B.R. at 275. It is of only little significance that the debt arose in connection with a proceeding brought several years later to change visitation rights and maintenance and support payments. As with respect to a debt based on fees awarded in an original divorce proceeding, to discharge a debt owed to the attorney for a former spouse would undermine the "financial balance" which the state court established in arriving at the former spouse's entitlement to maintenance or support. *In re Homyak,* 40 B.R. 99 (Bankr.S.D.N.Y.1984).

Those fees, moreover, were also incurred "in connection with a separation agreement or divorce degree" within the contemplation of § 523(a)(5). Neither the statutory language nor the legislative history contains the slightest indication that Congress sought to exclude a debt for alimony, maintenance or support which was incurred upon the attempted modification of a separation agreement or divorce decree. The evident Congressional intent not to discharge a debtor from the maintenance obligations to a spouse and children established by divorce decree or separation agreement sharply contradicts any such exclusion. All that the "in connection" with phrase requires is that the debt concern to such a decree or agreement. *Cf. Superintendent of Insurance of New York v. Bankers Life & Casualty Co.,* 404 U.S. 6, 12–13, 92 S.Ct. 165, 168–69, 30 L.Ed.2d 128 (1971); *Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 476, 97 S.Ct. 1292, 1302, 51 L.Ed.2d 480 (1977) (interpretation of similar phrase contained in § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(j) (1981)). A debt incurred upon a motion to modify a divorce decree and to force compliance with the provisions of a separation agreement falls easily within that limitation.

## IV

Upon the undisputed material facts, it thus appears that the plaintiff is entitled to judgment as a matter of law. Of no merit is the defendant's contention that trial is required because the trial in state court concerned not just the debtor's motion to lower alimony but largely questions of custody, visitation and religious upbringing of the children of the debtor and his former wife as embodied in their separation agreement. The debtor would have § 523(a)(5) interpreted to require that a debt based on legal fees be limited to fees incurred solely on alimony, maintenance or support issues. There is no warrant for that construction. The statute requires only that the debt fall in one of those three categories, *Spong,* 661 F.2d at 9, not that it be fees incurred litigating only those issues.

There being no genuine dispute as to a material issue of fact and it appearing that

plaintiff is entitled to judgment as a matter of law, the motion for summary judgment is granted and the clerk directed to enter judgment in favor of plaintiff.

IT IS SO ORDERED.