In re Martin J. TURNER, Debtor.

Kimberly J. Brasher, in behalf of Kathryn Veronica Turner now Albright, Plaintiff–Counter–Defendant–Appellant,

v.

Martin J. Turner, Defendant–Counter–Claimant–Appellee.

BAP No. WO–01–016.
Bankruptcy No. 00–16212.
Adversary No. 00–1262.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Sept. 5, 2001.

Jim Pearson, Oklahoma City, OK, for Plaintiff–Counter–Defendant–Appellant.

John C. Branch and Philip Hurtt, Oklahoma City, OK, for Defendant–Counter–Claimant–Appellee.

Before PUSATERI, BOULDEN, and KRIEGER, Bankruptcy Judges.

### OPINION

KRIEGER, Bankruptcy Judge.

Plaintiff/Appellant Kimberly Brasher, for herself and on behalf of Kathryn Vero-

nica Turner, now Kathryn Albright (collectively in such capacity referred to herein as "Appellant"), appeals the judgment of the United States Bankruptcy Court for the Western District of Oklahoma ("Bankruptcy Court") in favor of Defendant/Appellee Martin J. Turner ("Debtor") determining that the Debtor's obligation to pay the Appellant's attorneys' fees and costs arising out of a divorce proceeding is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).[1] The Appellant argues that the Bankruptcy Court erroneously applied the clear and convincing evidence standard rather than the preponderance of the evidence standard, abused its discretion in refusing to admit certain evidence, and erred in finding that the Appellant had failed to carry her burden of proof pursuant to § 523(a)(5). For the reasons set forth below, we AFFIRM.

### I. Appellate Jurisdiction

The Bankruptcy Appellate Panel has jurisdiction over this appeal. The Bankruptcy Court's judgment is subject to appeal under 28 U.S.C. § 158(a)(1). Nether party opted to have this matter heard by the District Court for the Western District of Oklahoma; therefore, the parties have consented to the jurisdiction of this Court. 28 U.S.C. § 158(c)(1); 10th Cir. BAP L.R. 8001–1(a).

### II. Standard of Review

Questions of law are reviewed *de novo*, questions of fact are reviewed for clear error, and matters of discretion are reviewed for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The issue as to the standard of proof required is a question of law that we review *de novo*.

---

1. Future statutory references are to Title 11 of the United States Code unless otherwise noted.

The Bankruptcy Court's exclusion of an exhibit is reviewed for abuse of discretion. The Bankruptcy Court's determination that the Appellant did not meet her burden of proof in establishing that the attorneys' fees were nondischargeable pursuant to § 523(a)(5) is reviewed for clear error. *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 721 (10th Cir.1993).

### III. Background

The Debtor and Kathryn Albright (Albright) were married for 15 years. During the course of the marriage, they had three children. On January 30, 1997, Albright filed a petition for divorce with the District Court of Logan County (Divorce Court). Kimberly Brasher (Brasher) represented Albright in the divorce proceeding.

On June 12, 1997, the Divorce Court conducted a hearing on temporary orders. The issues of child custody and support were not disputed at that hearing. By agreement of the parties, the Debtor was awarded custody of two minor children, and Albright was awarded custody of one minor child. The Divorce Court conducted another hearing on November 10, 1997, following which a decree of divorce was entered on February 2, 1998. The split custody and support arrangements set forth in the temporary order were confirmed in the divorce decree, but issues of property division and Albright's request for attorneys' fees were deferred.

The divorce was acrimonious. After the decree entered, the parties argued over many issues including division of property, delinquencies in child support payments, and visitation.[2] After approximately two years of protracted litigation during which the Divorce Court repeatedly deferred Albright's requests for attorneys' fees, the Divorce Court conducted a hearing on March 3, 1999, at which it addressed Albright's request for fees and costs of approximately $18,000.[3] On July 28, 1999, the Divorce Court entered its order directing the Debtor to pay only $7,620.50 of the requested fees and costs. The Order did not specify for what services or with regard to what issues fees were awarded, or what portion of the sum was attributed to fees as compared to costs.

On August 8, 1999, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On behalf of Albright, Brasher filed a complaint to determine the dischargeability of the Debtor's obligation to pay the fees and costs awarded by the Divorce Court.[4] A trial scheduling order established certain pretrial preparation deadlines including a deadline to exchange exhibits. Approximately twenty days prior to trial, Brash-

---

**2.** Albright filed three separate applications for citations for contempt: one alleged child support arrearages, failure to deliver property, and failure to comply with court ordered visitation; another alleged failure to comply with a court order relating to the division of property; and a third alleged failure to comply with court ordered visitation, child support arrearages, and failure to deliver a wood stove. The Debtor was found to be in contempt of court for failure to maintain certain real property in his possession and for failure to return personal property awarded to Albright, but not with respect to child support or visitation.

**3.** The application for attorneys' fees and costs filed by Brasher with the Divorce Court does not reflect an amount sought. According to Brasher's testimony at the trial herein, she claimed that $15,000 of the fees she sought in the divorce proceeding were incurred in connection with the children and an additional $3,450 were incurred in connection with alleged harassment to Albright individually.

**4.** Appellants also requested determination of the dischargeability of alleged child support arrearages, but such issue was not addressed by either party on appeal and is therefore not addressed herein.

er's office mailed exhibits to the Debtor's counsel.

Brasher represented herself and Albright in the adversary proceeding until the morning of the trial, at which time attorney Jim Pearson (Pearson) entered his appearance on behalf of Brasher. When Pearson offered a detailed billing statement as part of Exhibit 6, Debtor's counsel objected on the ground that Brasher, in the pre-trial exhibit exchange, had only provided him with a single summary page rather than the detailed billing statement. On *voir dire,* Brasher testified that she had personally prepared the exhibits, including the detailed billing statement, and that the exhibits had been hand-delivered to the Debtor's counsel; however, upon cross-examination she admitted that she had been ill and out of her office when the exhibits were prepared and that they had been mailed to the Debtor's counsel. The Debtor's counsel testified that he was aware that the exhibit provided to him did not include detailed billing records and that he had unsuccessfully attempted to obtain the billing records from sources other than Brasher. He admitted that he never requested such information from Brasher nor brought to her attention the fact that she had not provided him with detailed billing records. Due to Brasher's failure to timely exchange the proffered detailed billing statement in accordance with the trial scheduling order, the Bankruptcy Court excluded the billing statement.

At the conclusion of trial, the Bankruptcy Court issued oral findings of fact and conclusions of law and entered judgment in favor of the Debtor.

## IV. Discussion

The Appellant has raised several issues on appeal, which are discussed below.

## A. Standard of Proof

■ The Appellant argues that the Bankruptcy Court inappropriately applied a clear and convincing evidence standard of proof at trial rather than a preponderance of the evidence standard as required by *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The Appellant quotes the following language from the Bankruptcy Court's oral ruling:

> "[i]t's clearly the burden on the plaintiff to show and to demonstrate with convincing evidence what work was done that's dischargeable and what work is nondischargeable...."

Appellant's Brief at 11 (quoting Transcript of Hearing at 80, *in* Appellant's Appendix at 238).

Although the Bankruptcy Court's choice of words was somewhat inartful, the language relied upon by the Appellant is taken out of context and should be viewed in concert with the Bankruptcy Court's introductory phrase, "And from the *Jones* case and others, it's clearly the burden...." Transcript of Hearing at 80, *in* Appellant's Appendix at 238. Such context demonstrates that the Bankruptcy Court recognized the standard of proof applied in *Jones v. Jones (In re Jones),* 9 F.3d 878, 880 (10th Cir.1993), an action brought under § 523(a)(5), is 'the preponderance of the evidence.

The Bankruptcy Court's use of the words "clearly" and "convincing" in the same sentence does not evidence application of a different proof standard. Had "clearly" been joined with "convincing" by the conjunction "and," resulting in the legal term of art "clear and convincing," the Appellant's argument would be more persuasive. Here, however, the Bankruptcy Court did not use the words "clear" or "convincing" to invoke a legal term of art.

Rather, we conclude that the Bankruptcy Court used the words with their ordinary meanings with an acknowledgment of the appropriate standard of proof in its reference to *Jones*. More importantly, the Bankruptcy Court's ultimate conclusions reflect application of the correct standard.

## B. Refusal to Admit Exhibit

■ The Appellant next argues that the Bankruptcy Court abused its discretion by refusing to admit the detailed billing records as part of Exhibit 6. As part of *voir dire* on the exhibit, the Bankruptcy Court heard testimony as to whether the detailed billing records had been timely provided to the Debtor's counsel as required by the scheduling order. On conflicting evidence, it concluded that Brasher had not timely provided such documents. The Bankruptcy Court was in the best position to determine the credibility and veracity of the witnesses before it. Its factual findings are supported by the record and will not be overturned on appeal.

The Appellant also argues that because Debtor's counsel was aware that Appellant had not provided detailed billing records prior to the hearing, and he went to great lengths to attempt to obtain copies of such records, the Bankruptcy Court should not have excluded the exhibit. The Appellant's argument is apparently based on the theory that because Debtor's counsel did everything possible to get a copy of the information, short of alerting her to its absence, he should not then be allowed to claim surprise or prejudice. The Appellant perceives such action on the part of Debtor's counsel as a lack of professional courtesy. Perhaps the failure of Debtor's

counsel to ask for the omitted, detailed billing statement from Brasher was less than courteous, but the Appellant presented no legal authority, nor is this Court aware of any, that imposes an obligation upon counsel to notify opposing counsel of perceived evidentiary deficiencies in proposed exhibits.

Having found that the Appellant failed to provide the detailed billing information prior to trial, much less by the deadline imposed by the scheduling order, the Bankruptcy Court did not abuse its discretion by enforcing its pre-trial order and excluding the new evidence. *Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1515 (10th Cir.1990).[5]

## C. Appellant Failed to Establish Non-dischargeability Under § 523(a)(5)

■ Section 523(a)(5) excludes from discharge a debt to a spouse, former spouse, or child of the Debtor for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree, or other order of a court of record. With regard to establishing that an obligation is in "the nature of support," the creditor seeking to determine the debt to be excepted from discharge bears both the burden of going forward and of ultimate persuasion. *Fellner v. Fellner (In re Fellner)*, 256 B.R. 898, 902 (8th Cir. BAP 2001); *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 683 (9th Cir. BAP 1994), *aff'd without published opinion*, 92 F.3d 1192 (9th Cir.1996).

■ Federal law, rather than state law, determines whether an obligation falls

5. In *Sil–Flo,* the trial court excluded an exhibit because it had not been timely submitted to opposing counsel. The Court found no substantial prejudice by the exclusion of the exhibit because the witness had the opportunity to testify at trial about the information that

was contained in the excluded exhibit. Such was the case with the Appellant, who testified before the Bankruptcy Court about the legal work she performed even though Exhibit 6 was excluded.

within the ambit of § 523(a)(5). *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 721 (10th Cir.1993). With respect to an obligation arising out of a separation agreement or divorce decree, the determination of whether the obligation is in the "nature of support" requires an examination of the parties' or court's intent and the substance of the obligation. *Id.* at 723. The designation of an obligation as alimony or support is not dispositive. Even when the parties' or court's intent is clear, federal law requires analysis of the substance or function of the obligation. The function of the award may be determined by considering the relative financial circumstances of the parties at the time of the award. *Id.* at 726.

■ Although *Sampson* states the general rule with regard to obligations arising out of divorce actions, the Tenth Circuit Court of Appeals has narrowed the creditor's burden when the obligations are directly linked to custody proceedings. For example, in *Jones v. Jones (In re Jones)*, 9 F.3d 878, 882 (10th Cir.1993), the court concluded that professional fees awarded by a court in conjunction with litigation of child custody were "in the nature of support" and therefore excepted from discharge under § 523(a)(5). The presumption under *Jones* is that attorneys' fees incurred and awarded in custody matters are by their nature related to the best interests of the child and are therefore in the "nature of support" under § 523(a)(5). In *Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1490 (10th Cir.1995), the Tenth Circuit Court of Appeals applied the *Jones* reasoning to costs of a guardian ad litem and a psychologist that were incurred in connection with a child custody proceeding.

*Jones* and *Miller* apply to professional fees incurred in connection with child custody disputes, which are presumed to be support and therefore may be viewed as a subset of *Sampson*. But not all fees awarded in a divorce arise in conjunction with or are directly related to custody or the best interests of the child. For example, attorney fees and costs may be awarded in conjunction with determination of property division or, as in this case, awarded without reference to any particular issue or controversy. The presumption in *Jones* is limited to awards directly linked to child custody or to matters involving the best interest of the child. In all other circumstances the *Sampson* tests apply.

The evidence presented by Appellant failed to establish that the fee award of $7,620.50 was directly related to custody or other matters involving the best interest of the children. The award was of a portion of the total fees incurred by Appellant in the divorce case, which involved custody, other child-related issues, and property division. Indeed, a primary focus of the post-decree litigation was enforcement of property division orders.[6] The evidence as to the extent of child-related litigation as compared to that involving property disputes was conflicting and uncertain. Appellant's argument that because child custody and support were important issues in the divorce, all fees awarded are in the nature of support is too simplistic. The issue of custody was resolved by agreement of the parties early in the case, whereas property division was hotly contested and resolved only after extensive litigation. The fee and cost award does not shed any light as to which fees were awarded, why only a portion of the re-

---

6. For example, after hearing, the Debtor was found guilty of contempt for failure to maintain certain real property in his possession and for failure to return personal property awarded to Albright.

quested fees was awarded, or the purpose of the award.[7]

Furthermore, the evidence failed to satisfy the *Sampson* test. No evidence established the trial court's intent in making the award or the function of the obligation at the time the award was made.

The Bankruptcy Court was in the best position to evaluate and weigh the evidence presented. Its conclusions will be upset for clear error only when not supported by the record. *Sampson*, 997 F.2d at 721.

We find no clear error in the Bankruptcy Court's conclusion that the evidence produced by Appellant failed to establish that the fee and cost award was nondischargeable.

### D. Debtor's Objection to Amended Designation of Record

 On March 22, 2001, Appellant filed with this Court a copy of an Amended Designation of Record, including all exhibits she had offered as evidence at the adversary proceeding trial, whether the exhibits were admitted or rejected by the Bankruptcy Court. On April 6, 2001, Debtor filed with this Court a copy of an objection to the Amended Designation of Record, asserting that only those exhibits that were admitted into evidence should be part of the record on appeal. We find no error in including a document in a record on appeal for the purpose of arguing that the Bankruptcy Court erred in excluding it. The Objection will be denied.

### V. Conclusion

The Bankruptcy Court correctly determined that the Appellant failed to estab-

lish by a preponderance of the evidence that the attorneys' fees awarded by the Divorce Court were in the nature of support under § 523(a)(5). Furthermore, the Bankruptcy Court did not abuse its discretion in refusing to admit an exhibit that had not been provided to opposing counsel prior to trial. Consequently, the Bankruptcy Court's order determining that the Debtor's obligation to pay the Appellant's attorneys' fees is not excepted from discharge is AFFIRMED. The Objection to Plaintiff's Amended Designation of Record is DENIED.

---

7. Had the Divorce Court issued separate awards of attorneys fees in conjunction with separate motions, it might be clear whether fees were awarded in connection with support issues or property division issues. Here, however, the Divorce Court made a single award for all fees requested during the course of the protracted divorce proceeding.