In re David ANDERSON IV, Debtor.

Harris Beach LLP, Plaintiff,

v.

David Anderson IV, Defendant.

Bankruptcy No. 02–23651.
Adversary No. 02–2276.

United States Bankruptcy Court,
W.D. New York.

Oct. 14, 2003.

Douglas J. Lustig, Chamberlain, D'Amanda, et al., Rochester, NY, for Debtor.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### *BACKGROUND*

On September 17, 2002, David Anderson IV (the "Debtor") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that he had $208,777.00 in unsecured indebtedness, consisting of: (1) $26,000.00 due to apparent insiders, Anderson Investments LP and David Anderson III; (2) $56,000.00 due to Harris Beach LLP ("Harris Beach") for attorney's fees; (3) $1,277.00 due to a court-appointed law guardian; (4) $109,500.00 due to Teresa Murano Anderson ("Anderson"), his former spouse, on various matrimonial judgments; and (5) $16,000.00 in nondischargeable student loans.

On December 19, 2002, Harris Beach filed an Adversary Proceeding against the Debtor which requested that the Court determine that its two awards of attorney's fees totaling $56,520.55 were nondischargeable as being in the nature of support. The Complaint in the Adversary Proceeding indicated that the Orders and subsequent judgments for these two awards were entered by the New York State Supreme Court (the "State Court") in a matrimonial action (the "State Court Action") commenced by the Debtor against Anderson.

On August 4, 2003, Harris Beach filed a Motion for Summary Judgment (the "Motion for Summary Judgment") which asserted that: (1) on January 24 through 28, 2000, Justice Thomas M. Van Strydonck ("Judge Van Strydonck") conducted a trial in the State Court Action to resolve ancillary matrimonial issues, including maintenance and support; (2) on May 24, 2000, Judge Van Strydonck issued Findings of Fact and Conclusions of Law which ordered that the Debtor pay seventy-five percent (75%) of Anderson's attorney's fees in the State Court Action because of the economic disparity between the parties;[1] (3) on February 16, 2001, after he conducted hearings on the issue of attorney's fees on November 22, 2000 and January 30, 2001, Judge Van Strydonck issued an Order and Judgment requiring the Debtor to pay Harris Beach $48,578.59 (the "Van Strydonck Award"); (4) although the Debtor appealed the February 16, 2001 Order and Judgment, he did not

---

1. The Findings of Fact and Conclusions of Law were as follows:

> "*Attorney's Fees*
>
> Because of the economic disparity between the parties, the Court orders a percentage of the Defendant's attorney's fees to be paid by the Plaintiff. It is hereby ordered that Plaintiff pay to Harris, Beach & Wilcox, LLP seventy-five percent of their reasonable and necessary fees and disbursements incurred in the representation of the Defendant."

appeal either amount of the attorney's fees awarded or their reasonableness; (5) on March 12–14, 2002, Justice Joseph D. Valentino ("Judge Valentino") conducted a further trial on remand from the Appellate Court in order to address a number of issues, including maintenance, child support and equitable distribution; (6) on June 3, 2002, Judge Valentino issued an Amended Decision and Order which addressed various issues, including the income of the parties at the time of the divorce; and (7) the June 3, 2002 Amended Judgment: (a) awarded additional attorney's fees to be paid by the Debtor in the amount of $7,941.96 (the "Valentino Award"); and (b) indicated that Judge Valentino had considered the respective financial position of the parties in making the Award.

The Motion for Summary Judgment also asserted that in addition to determining that the $56,520.55 due Harris Beach was nondischargeable, as being in the nature of support under Section 523(a)(5), the Court should award Harris Beach additional attorney's fees in accordance with *In re Behn,* 242 B.R. 229 (Bankr.W.D.N.Y.1999) ("*Behn*").

On August 14, 2003, the Debtor filed opposition to the Motion for Summary Judgment which asserted that: (1) notwithstanding that the Van Strydonck Award was made "because of the economic disparity of the parties," in determining whether such an award is nondischargeable under Section 523(a)(5), the Bankruptcy Court is not bound by any labels used by the State Court; (2) for purposes of Motion for Summary Judgment, there was an issue of fact as to exactly what the State Court's intention was when the two Awards of attorney's fees were made; (3) because Anderson had an undergraduate and masters degree in anthropology at the time of the divorce, and was working at a

local college, she could not establish that: (a) she was unable to be self sufficient unless the awards were made; or (b) she could not otherwise pay those attorney's fees; (4) although Judge Valentino imputed income to the Debtor for purposes of determining maintenance and child support, that imputing of income was not relevant to the determination of whether the Van Strydonck and Valentino Awards are nondischargeable as being in the nature of support pursuant to Section 523(a)(5); (5) although Judge Van Strydonck concluded that there was economic disparity between the parties, his findings of fact and conclusions of law do not include specific findings of facts to support that conclusion; (6) because most of the services rendered by Harris Beach were in connection with equitable distribution matters, specifically the division of an out of state condominium and enhanced earnings, the Bankruptcy Court should adopt the analysis of the Bankruptcy Appellate Panel for the Tenth Circuit in *In re Turner,* 266 B.R. 491 (2001) ("*Turner*"), which concluded that attorney's fees incurred in litigating matters other than support should not be determined to be nondischargeable support, and not determine those services to be in the nature of support.

## *DISCUSSION*

### I.  *Summary Judgment*

Fed.R.Civ.P. 56, incorporated by reference in Fed.R.Bankr.P. 7056, "provides that summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled, as a matter of law, to a judgment in its favor." *In re Bennett Funding Group, Inc.,* 220 B.R. 743 (Bankr.N.D.N.Y.1997), citing *Federal Deposit Ins. Corp. v. Bernstein,* 944 F.2d 101, 106 (2d Cir.1991). The moving party has the initial burden of demonstrating that there is no genuine

issue of material fact for trial. *In re Corcoran,* 246 B.R. 152, 158 (E.D.N.Y.2000), citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party has met its initial burden, "the non-movant must then come forward with sufficient evidence on the elements essential to its case to support a verdict in its favor." *Corcoran,* 246 B.R. at 158, citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In deciding to grant or deny summary judgment, "the trial court must resolve all ambiguities and draw inferences in favor of the party against whom summary judgment is sought." *Bennett Funding Group, Inc.,* 220 B.R. at 751, citing *LaFond v. General Physics Servs. Corp.,* 50 F.3d 165, 171 (2d Cir.1995); *Corcoran,* 246 B.R. at 156, citing *Reyes v. Delta Dallas Alpha Corp.,* 199 F.3d 626, 627–28 (2d Cir.1999). Summary judgment is therefore inappropriate if any evidence exists in the record upon which a reasonable inference may be drawn in favor of the non-moving party. *Id.,* citing *Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 37 (2d Cir.1994).

## II. *Case Law*

In determining whether a debtor's obligation to pay the attorney's fees of a former spouse incurred in connection with a state court matrimonial proceeding are nondischargeable as being in the nature of support under Section 523(a)(5), we know from decisions of federal courts within the Second Circuit that: (1) even though an award is made directly to an attorney rather than to a former spouse, such an award can be nondischargeable support. *See In re Spong,* 661 F.2d 6 (2d Cir.1981); (2) for an award of attorney's fees to be nondischargeable as being in the nature of support, the fees must constitute support, but they need not have been incurred in litigating for support. *See In re Newman,* 196 B.R. 700 (Bankr.S.D.N.Y.1996) and *In re Schwartz,* 53 B.R. 407 (Bankr.S.D.N.Y. 1985); (3) an award of attorney's fees may be nondischargeable support where the court determines that the award was a necessary concomitant to a spouse's ability to defend or maintain a matrimonial action. *See In re Silberfein,* 138 B.R. 778 (Bankr. S.D.N.Y.1992) ("*Silberfein*"); *In re Wadleigh,* 68 B.R. 499 (Bankr.D.Vt.1986); (4) if a debtor is ordered to pay attorney's fees incident to a dissolution, and the fees awarded are based upon need, such fees are usually nondischargeable as being in the nature of support. *See Silberfein;* (5) in determining whether a state court award of attorney's fees is nondischargeable support, the Bankruptcy Court must look to the intent of the state court that rendered the award, and if the court's intent is unclear, then it should examine the function of the award in light of the relative circumstances of the parties. *See In re Jarrell,* 251 B.R. 448 (Bankr. S.D.N.Y.2000) ("*Jarrell*"); (6) the New York State Statute authorizing courts to award counsel fees in divorce actions is designed to redress economic disparity between monied and non-monied spouses. *See Jarrell;* (7) a fee award under Section 237 of the New York Domestic Relations Law implies a finding of financial need, but bankruptcy courts should also look to see whether the record in the state court supports such a finding. *See Jarrell;* and (8) in determining whether an award of attorney's fees is in the nature of support, bankruptcy courts look to a number of factors, including: (a) the characterization of the award in the relevant document; (b) whether payments appear to balance disparate income; and (c) whether there was an attempt to create an obligation of support. *See In re Brody,* 3 F.3d 35 (2d Cir.1993) ("*Brody*").

## III. *Dischargeability of the Van Strydonck and Valentino Awards*

█ I find that the Van Strydonck and Valentino Awards are nondischargeable as being in the nature of support under Section 523(a)(5) for the following reasons: (1) the Van Strydonck Award clearly indicated that it was made because of the economic disparity between the parties, and the record in the State Court Action supports that finding and conclusion in that: (a) Anderson was also awarded maintenance and child support in the Action; (b) Judge Valentino found, after permissibly imputing income to the Debtor, that the Debtor had imputed annual income of $50,000.00 and Anderson had an annual income of only $18,000.00; (c) the Debtor appeared to have family financial support which Anderson did not; (d) Anderson would not have been able to vigorously pursue her enhanced earnings and equitable distribution claims in the State Court Action, which was commenced by the Debtor against her, if she knew she was going to be required to pay 100% of the attorney's fees which she would incur; and (e) the Debtor never challenged the amount or reasonableness of the Awards; (2) in making the Valentino Award, Judge Valentino indicated that he had considered the respective financial positions of the parties, and the need of Anderson was again fully supported by the record in the State Court Action, as discussed above; (3) the intent of the State Court Judges in making both of their Awards is clear and in reviewing the *Brody* factors that appear relevant to an award of attorney's fees when made by a court after a trial, rather than as contained in a separation agreement or a negotiated stipulation of settlement, the primary factor of whether the payments appear to balance disparate income is present in this case; and (4) this Court is not persuaded by the analysis in *Turner*, but believes that attorney's fees, even if incurred in connection with the issues of property and equitable distribution, may still be in the nature of support if those fees: (a) redress economic disparity between monied and non-monied spouses; and (b) are necessary to allow the non-debtor spouse to continue to enjoy the standard of living enjoyed during the marriage, even though this is a concept that is somewhat inconsistent with some of the policies of the Bankruptcy Code and the frequent emphasis on reasonable and necessary expenses; or (c) allow a spouse to defend or maintain a matrimonial actions and the various issues that may be presented in any particular action.

In this case, the Court does not believe that there are any material issues of fact that would need to be determined at trial in view of: (1) the specificity of the Van Strydonck and Valentino Awards, made by the matrimonial court after trials and hearings, rather than as part of a separation agreement or settlement stipulation; and (2) the record available to this Court from the State Court Action which fully supports the finding and conclusion that the Awards made to the non-monied spouse, Anderson, who also received maintenance and child support, were required to balance disparate financial positions and income.[2]

## IV. *The Right to Additional Attorney's Fees*

█ Harris Beach claims that it should be entitled to the additional attorney's fees

---

2. Although in this case the intention of the State Court was clear from the language of the Awards, and the record of the proceedings in the State Court Action supported the findings of need because of disparate financial positions, expanded and detailed findings of fact and conclusions of law by state matrimonial courts when making such awards can reduce Section 523(a)(5) litigation in the Bankruptcy Courts.

that it incurred in connection with this Adversary Proceeding pursuant to a decision of the District Court in *Behn*. There is nothing in the pleadings in this Adversary Proceeding, including the Motion for Summary Judgment, that demonstrates that Harris Beach had a right to such additional attorney's fees under non-bankruptcy law, as required by *Behn*, or even that Anderson might otherwise be responsible for payment of those additional fees. As a result, there is no right to the additional attorney's fees under *Behn* or otherwise.

### CONCLUSION

The Motion for Summary Judgment is granted in part, to the extent that the two Awards in the total amount of $56,520.55 due to Harris Beach are determined to be nondischargeable as being in the nature of support under Section 523(a)(5). The request of Harris Beach for additional attorney's fees incurred in connection with this Adversary Proceeding is in all respects denied.

**IT IS SO ORDERED.**