BAW MANUFACTURING COMPANY, Plaintiff-Appellee,

v.

SLAKS FIFTH AVENUE, LTD., Defendant-Appellant.

No. 76–2638
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1977.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

David R. Rosado, El Paso, Tex., Marvin S. Robinson, Michael J. Klosk, New York City, for defendant-appellant.

Larry H. Schwartz, David R. McClure, El Paso, Tex., for plaintiff-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

GEE, Circuit Judge:

Pursuant to an agreement between the parties, BAW Manufacturing Company, plaintiff-appellee, assembled garments for Slaks Fifth Avenue, defendant-appellant, from piecegoods supplied by Slaks. After about a year of this arrangement, Slaks stopped paying the BAW invoices as they came due. BAW sued Slaks on a sworn account in a Texas state court to recover $40,458.18 for assembly work performed but not paid for. Slaks removed the action to federal district court on the basis of diversity of citizenship. Slaks asserted as affirmative defenses against BAW and as counterclaims against BAW and additional third-party defendants Ratner Corporation and Sheldon Weisberg the following: (1) breach by counterclaim defendants of an agreement not to compete with Slaks or solicit its customers, which agreement was a condition precedent to Slaks' assembly agreement with BAW; (2) tortious interference by counterclaim defendants with Slaks' business relationships with its customers; (3) conversion by BAW of approximately $10,500 worth of Slaks' goods admittedly in BAW's possession and not returned; and (4) defective manufacture of garments by BAW.

The district court granted plaintiff BAW's motion for summary judgment, awarding BAW $40,458.18 plus interest, together with attorneys' fees in the amount of thirty-three and one-third percent of the principal and interest owed on the date of judgment. All of defendant Slaks' counterclaims against BAW were denied.

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judg-

ment if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, the district court must view the evidence in the light most favorable to the party resisting the motion. *E. g., United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *United States Steel Corp. v. Darby,* 516 F.2d 961 (5 Cir. 1975). The appellate court reviewing the district court's action on a motion for summary judgment employs the same standards. *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *United States Steel Corp. v. Darby, supra.* Applying these standards we find that on all issues except one there was no genuine issue of material fact and that BAW was entitled to summary judgment as a matter of law.

## I.

As the primary basis for its affirmative defenses and counterclaims Slaks Fifth Avenue alleged that the garment-assembly arrangement with BAW was an integral part of a tripartite agreement among Slaks, BAW, and Shelly Slacks. This multiparty agreement was negotiated by Myles Weiss, president and co-owner of Slaks Fifth Avenue, and Sheldon Weisberg, president and principal owner of BAW and also president of Shelly Slacks, a division of Ratner Clothes Corporation. Slaks contends that as a pre-condition to entering the assembly contract with BAW it sought and obtained an agreement that Shelly Slacks, a competitor of Slaks Fifth Avenue, would not interfere with Slaks' business relationships nor solicit Slaks' customers. In defense of BAW's suit to recover payment for assembly work admittedly done and as counterclaim, Slaks argues that this noncompetition agreement has been breached by Shelly Slacks' solicitation of Slaks Fifth Avenue's customers.

Although Sheldon Weisberg—the principal who purportedly negotiated the agree-

ment on behalf of both BAW and Shelly and who has allegedly solicited Slaks' customers—was named in the counterclaim as a defendant, he was never served and made a party to the action. Neither was Shelly Slacks nor its parent, Ratner Clothes Corporation, ever brought into the suit.[1]

During the course of pretrial discovery, plaintiff BAW filed with the court and served on defendant Slaks Requests for Admissions pursuant to Fed.R.Civ.P. 36(a). Defendant Slaks made no response whatever to the request. Three months after the Requests for Admissions were served, the court granted BAW's motion to have the requested facts deemed admitted. Among the facts deemed admitted were (1) that a letter sent by BAW to Slaks had contained all the terms of the assembly agreement between them and (2) that BAW Manufacturing Co. is an entity separate and independent from Shelly Slacks. The letter mentioned in the admissions had set forth the mechanics of the garment-assembly agreement between BAW and Slaks including prices, schedules, and quality standards, but it made no reference to Shelly Slacks or to any noncompetition agreement.

BAW subsequently filed its Motion for Summary Judgment, relying on the facts established by the deemed admissions. After Slaks had answered and briefed its opposition to BAW's motion, the court granted summary judgment for BAW and against Slaks. After entry of this judgment, Slaks for the first time requested that the deemed admissions be withdrawn; the court properly refused the untimely request.

On appeal Slaks argues that the court erred in giving controlling effect to the admissions and in holding that the parol evidence rule barred Slaks from proving or relying on any terms extrinsic to the assembly agreement letter. Slaks urges various contract and tort rules to support its contention that it should be permitted to establish the formation and breach of the non-

1. Ratner Corporation, named as a counterclaim defendant, apparently had no pertinent relation to any of the parties and was eventually dismissed for lack of personal jurisdiction.

competition agreement as a defense and counterclaim against BAW.

■ We need not grapple with the complexities of the parol evidence rule to affirm the summary judgment below. The facts alleged in Slaks' affidavits are simply insufficient to establish either a contractual breach or such tortious conduct by BAW as would defeat its right to recover the amount due for completed assembly work or serve as the basis for a counterclaim against it. The affidavit evidence viewed in the light and with the inferences most favorable to Slaks, shows at most that a noncompetition agreement between Slaks Fifth Avenue and Shelly Slacks was a condition precedent to formation of the garment-assembly contract with BAW. According to Slaks' own allegations this condition precedent was met, the assembly contract was formed, and the parties operated under it for almost a year. The thrust of Slaks' affirmative defense is that BAW may not now recover on its assembly contract for work already performed because *Shelly Slacks* has breached the noncompetition agreement.

It is established by the deemed admissions and by the affidavits of both parties that BAW and Shelly Slacks were in fact and effect separate entities, in spite of the participation of Sheldon Weisberg in both enterprises. BAW's only business was to assemble garments as a subcontractor for wholesalers; it never sold finished garments directly to retailers. Shelly Slacks, however, like its competitor Slaks Fifth Avenue, sold completed garments directly to retail outlets. The affidavits offered by Slaks show that the agreement not to compete was an obligation of Shelly Slacks and not of BAW [2] and that it was Shelly Slacks (through Sheldon Weisberg) which eventually solicited Slaks' customers in violation of the agreement. Thus, while Slaks Fifth Avenue may have a cause of action against Shelly Slacks and Sheldon Weisberg for breach of contract or tortious interference with Slaks' business, Slaks has failed to establish any wrongful conduct of Weisberg and Shelly Slacks which would constitute a basis for denying BAW the payments due it for assembly work already performed or for holding BAW liable for damage to Slaks' business. The court below correctly granted summary judgment against Slaks on the affirmative defenses and counterclaims based on an alleged breach of the noncompetition agreement.

II.

■ Slaks also alleges as affirmative defenses and counterclaims against BAW (1) that BAW's assembly of certain goods for Slaks was defective and (2) that BAW converted approximately $10,500 worth of piecegoods belonging to Slaks. The court below properly granted summary judgment against Slaks on the defective assembly claim because the affidavits show that Slaks has sold all of the allegedly defective garments and, so far as the record shows, suffered no damage.

■ On the conversion claim, however, summary judgment was improper. BAW admittedly has in its possession piecegoods belonging to Slaks. The parties disagree, however, on the value of these goods. We must thus remand to the district court for a determination of the amount and value of Slaks' goods in BAW's possession. The judgment must be modified accordingly either to order return of the goods to Slaks or to allow an offset of their value against the award to BAW.

III.

■ Finally, Slaks challenges the award of attorneys' fees to BAW. Article 2226, Tex.Rev.Civ.Stat.Ann., authorizes the

---

2. The affidavit of Myles Weiss, president of Slaks Fifth Avenue stated.

> Before Slaks would agree with Mr. Weisberg on behalf of BAW and Shelly to manufacture garments for Slaks as a sub-contractor, Slaks demanded and received an agreement that Shelly (Ratner's division), which competed with Slaks, would not solicit certain named Slaks' accounts. Slaks would not permit a sub-contractor to oppose it in the market place . . . .. Mr. Weisberg made such agreement *on behalf of Shelly.* . . .

Appendix at 35 (emphasis added).

award of reasonable attorneys' fees in a suit on a sworn account. In *Bagby Land and Cattle Co. v. California Livestock Commission Co.*, 439 F.2d 315 (5 Cir. 1971), a case involving a sworn account and article 2226, we recognized the considerable discretion of the district court in fixing attorneys' fees, noting that the court could determine the fee on the basis of its own experience even in the absence of testimony. In the instant case, however, the court's award was supported by affidavits of three local attorneys as well as by Slaks' deemed admission that the requested fee was reasonable. We find no reason to disturb the district court's fee award.

We affirm the judgment of the court below on all issues except the alleged conversion of Slaks' goods by BAW. We remand for a determination of the value of the goods held by BAW and for modification of the judgment against Slaks to reflect an offset equal to the value of the converted goods or other appropriate relief. In addition, both parties agree that the judgment should be modified to show that interest should be calculated from January 1, 1975, rather than from January 1, 1974, and it is so ordered.

AFFIRMED in part, and in part REVERSED and remanded, with instructions.