In the Matter of Everette Darrell
PAINTER, Debtor.

WESTMORELAND, PATTERSON AND
MOSELEY, A Partnership, Plaintiff,

v.

Everette Darrell PAINTER, Defendant.

Bankruptcy No. 81–51129.
Adv. No. 81–5267.

United States Bankruptcy Court,
M. D. Georgia,
Macon Division.

July 15, 1982.

J. Wayne Moseley, Westmoreland, Patterson & Moseley, Macon, Ga., for plaintiff.

Carl A. Veline, Jr., Warner Robins, Ga., for defendant.

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

STATEMENT OF THE CASE

Defendant Everette Darrell Painter filed his petition with this Court under Chapter 7 of Title 11 of the United States Code on October 15, 1981. On December 11, 1981, Plaintiff Westmoreland, Patterson and Moseley (a partnership) filed a complaint to determine the dischargeability of a debt owed to it by Defendant.

After reviewing the evidence and considering the arguments and briefs of counsel, the Court is of the opinion that the debt owed by Defendant to Plaintiff is nondischargeable in bankruptcy. In support of its opinion, the Court attaches the following findings of fact and conclusions of law.

FINDINGS OF FACT

Defendant obtained a divorce from his wife on May 4, 1981. His wife, Hazel Painter, had engaged the law firm of Westmoreland, Patterson and Moseley (Plaintiff) to represent her in the divorce proceedings. The contract between Plaintiff and Ms. Painter required her to pay $440 to Plaintiff, a sum which was paid by Ms. Painter's stepfather. The contract further provided that "in the event any hearings are held or an agreement reached, my husband must pay a fee to Westmoreland, Patterson & Moseley in addition to the fee ... to be paid by me."

The interlocutory order entered by the state court in the divorce proceeding required Defendant to pay $100 to Plaintiff as attorney's fees. The final order entered by the state court granting a divorce to Ms. Painter and Defendant further required Defendant to pay $500 to Plaintiff as attorney's fees. Of the total award, Defendant has paid $30 to Plaintiff, leaving a balance

of $570. Wayne Moseley, a partner in Plaintiff and acting as Plaintiff's attorney, stated in his place that Ms. Painter was not obligated to pay the award of the state court and that Plaintiff considered Defendant to be solely liable to pay the award.

At the time of the divorce, Ms. Painter was employed as a production worker and earned approximately $95 a week. She was renting a house for $110 a month and was supporting both herself and her infant daughter. Her expenses each month were roughly equivalent to her earnings.

Plaintiff seeks to have the debt owed to it by Defendant, which arose out of the state court divorce proceeding, declared nondischargeable in bankruptcy, asserting that the debt is for nondischargeable alimony or maintenance. 11 U.S.C.A. § 523(a)(5) (West 1979).

## CONCLUSIONS OF LAW

Section 523(a)(5) of the Bankruptcy Code provides that:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . . .
>> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
>> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C.A. § 523(a)(5) (West 1979).

The legislative history of the Bankruptcy Code states that whether a debt is a dischargeable property settlement or non-dischargeable alimony is to be determined by bankruptcy law. H.R.Rep.No.595, 95th Cong., 1st Sess. 364 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6320. However, state law may be a guide in determining the true nature of an award by a state court. *See Thompson v. Thompson (In re Thompson)*, No. RE–81–50973, Adv.Pro. 82–5127 (Bkrtcy.M.D.Ga.1982). In this case, both federal and state law lead to the conclusion that the debt represents non-dischargeable alimony.

The leading federal case on the question of whether an award of attorney's fees constitutes alimony is *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir. 1981). In that case, the majority first summarized the state of the law under the former Bankruptcy Act and concluded that an award of attorney's fees pursuant to a husband's support obligations was generally found to be nondischargeable alimony under the Bankruptcy Act. The majority went on to hold that, similarly, an award of attorney's fees under the Bankruptcy Code constitutes non-dischargeable alimony. The court supported its conclusion by stating that alimony is designed to provide a spouse with the necessities of life and that an award of attorney's fees is a necessity because it enables the spouse to sue or defend a matrimonial action. *Id.* at 9.

The court in *Pauley v. Spong* rejected the argument that the award of attorney's fees was dischargeable under section 523(a)(5)(A) because it was payable directly to the attorney. The court deemed the husband's obligation to pay his former wife's attorney's fees as a third party beneficiary contract and not as a dischargeable assignment and pointed out that "dischargeability must be determined by the substance of the liability rather than its form." *Id.* at 9.

The Ninth Circuit has found statutorily awarded attorney's fees in a postdivorce child custody proceeding to be nondischargeable alimony. *Marks v. Catlow (In re Catlow)*, 663 F.2d 960 (9th Cir. 1981) (Act case). In *Marks v. Catlow*, the state statute authorized attorney's fees only after a showing of financial necessity and required the court to consider the needs and income of each spouse. Ariz.Rev.Stat.Ann. § 25–

324 (1976). The Ninth Circuit found an award under the statute to be an adjudication of the spouse's need for support and therefore nondischargeable alimony.

*Marks v. Catlow* was decided under the former Bankruptcy Act, section 17(a)(7), 11 U.S.C.A. § 35(a)(7) (West 1968) (repealed 1979). The Ninth Circuit specifically reserved the question of "whether attorney's fees awarded to a bankrupt's former spouse or the spouse's attorney in a divorce or post-divorce action is dischargeable under section 523(a)(5) of the new Bankruptcy Act." 663 F.2d at 961 n.1. The court did, however, summarize the positions taken by the various bankruptcy courts under the Bankruptcy Code. *Id.* The majority of bankruptcy courts have found attorney's fees to be nondischargeable alimony. A minority of the courts have found attorney's fees dischargeable on the ground that they were assigned to a third party. 11 U.S.C.A. § 523(a)(5)(A) (West 1979). *See, e.g., Asgeirsson v. Delillo (In re Delillo),* 5 B.R. 692, 2 C.B.C.2d 1045, 7 B.C.D. 38 (Bkrtcy.D.Mass.1980).

■ The facts of this case point to the conclusion that under federal law the debt of Defendant for attorney's fees must be declared nondischargeable. The former spouse was in poor financial condition and was supporting an infant child. She had been unable to make the initial payment to Plaintiff and had to obtain the money from her stepfather. Without the award, she would have been forced to pay Plaintiff from the money she used to obtain food and housing. The evidence shows that she needed the award in order to finance the divorce proceedings. The award of attorney's fees is therefore in the nature of alimony.

The award of attorney's fees is not made dischargeable because it is payable directly to Plaintiff. To hold that the money must be paid first to the former spouse and then to Plaintiff would be to exalt form over substance. Not being forced to spend her meager resources for attorney's fees enabled Ms. Painter to provide food, shelter and clothing for herself and her infant daughter. The same result would have been reached had the money to pay the attorney's fees been awarded directly to her.

State law also categorizes the award of attorney's fees to the attorney of the former spouse as alimony. In *Leonard v. Leonard,* 236 Ga. 623, 225 S.E.2d 9 (1976), the Georgia Supreme Court held that:

> Attorney fees are awarded as a part of temporary alimony for the purpose of enabling the wife to contest the issues.... The trial court did not err in its findings that the award of attorney fees was an award of alimony and was not subject to discharge in bankruptcy....

*Id.* at 9–10.

The Court is ever mindful of the fresh start objective of the Bankruptcy Code. However, debtors should not be able to avoid all of their domestic obligations by their filings in bankruptcy. In this case, Defendant had an obligation to supply his former wife with the resources by which she financed the divorce proceedings. Otherwise, as pointed out above, she would have had to sacrifice food, clothing or shelter in order to obtain the divorce. The Court is of the opinion that in balancing the fresh start objective of the Bankruptcy Code with the obligation of Defendant to provide support for his family, the more important consideration is Defendant's duty of support. Therefore, the debt must be declared nondischargeable.

Neither party having shown an entitlement to an award of costs, the Court is of the opinion that the parties' requests for an award of costs must be denied and that each party must bear their own costs.