**In re Joseph SCHILIRO, trading and doing business as J. Schiliro General Contractor, Debtor.**

**Bankruptcy No. 85–04563K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 4, 1986.

James R. DiFrank, Philadelphia, Pa., for debtor.

Harold B. Vikoren, Doylestown, Pa., for AmQUIP Corp., petitioning creditor.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

### I.  FINDINGS OF FACT

1.  The instant case was commenced in this Court by the filing of an involuntary Chapter 7 Bankruptcy petition against JOSEPH SCHILIRO (hereinafter "the Debtor") on October 28, 1985, by a single creditor, AmQUIP CORPORATION (hereinafter "the Petitioner").

2.  On November 25, 1985, the Debtor filed an Answer contesting the Petition. The defenses raised were as follows:

a.  The Debtor had in excess of eleven (11) creditors, and therefore, it was necessary that the Petition be joined by at least three (3) creditors. *See* 11 U.S.C. § 303(b)(1)(2).

b.  The Debtor was generally paying his debts as they became due. *See* 11 U.S.C. § 303(h)(1).

In addition, the Debtor sought damages against the Petitioner pursuant to 11 U.S.C. § 303(i) in a Counterclaim.

3.  In Answers to the Petitioner's discovery filed on February 3, 1986,[1] the Debtor claimed to have twenty-three (23) creditors, two (2) of which (the Petitioner and Case Power & Equipment) were disputed.

4.  Proofs of claim were filed on behalf of J.I. Case Company, named as a creditor by the Debtor, and the City of Philadelphia and the School District of Philadelphia, neither of which were named as creditors by the Debtor.

---

1.  Discovery of this information should not have been necessary, as the Debtor was obliged to provide this information in his Answer, per Rules of Practice and Procedure in Bankruptcy (hereinafter "Bankr. R.P.") 1003(d).

5. Trial of this matter was held before the Honorable William A. King, Jr., United States Bankruptcy Judge, on April 16, 1986.

6. The only witnesses testifying at trial were the Debtor, called as of cross-examination by the Petitioner, and Milton J. Moser, who identified himself as a "consultant" of the Petitioner. Apparently, the principal activities of Mr. Moser relevant to this case were attempts to contact most of the twenty-three (23) creditors named by the Debtor by telephone to ascertain whether the Debtor, in fact, owed a debt to each party named and whether the Debtor was regularly making payments to each of them.

7. The Debtor testified concerning each of the twenty-three (23) debts allegedly owed by him at the time of the filing of the Petition, and claimed that each of the debts was his, either individually or jointly with his wife, Marilyn Schiliro.

8. The Debtor further testified that, at the time of the filing of the Petition, he was in arrears on payments on seven (7) of the twenty-three (23) alleged debts.[2] Three (3) of these debts, including that allegedly owed to the Petitioner, were claimed to be in dispute, although the dispute with two (2) of the creditors was subsequently resolved and they were paid.[3] The balances due on the other four (4) of the seven (7) debts in arrears were admitted to be $15,898.87,[4] $1,208.83,[5] $636.73,[6] and $550.00,[7] respectively.

9. Mr. Moran stated that, when he attempted to contact the alleged creditors by telephone, many refused or failed to provide information to him,[8] and several claimed that the accounts were those of the Debtor's wife only.[9]

10. The testimony of Mr. Moran, considering its hearsay nature, and therefore the secondary and somewhat doubtful nature of his sources, was insufficient to outweigh the testimony of the Debtor that he owed to each of the twentythree (23) creditors named by him on the date of the filing of the Petition.

11. After the Petitioner called these two (2) witnesses in the trial, it rested, and the Debtor orally moved to dismiss the Petition pursuant to Federal Rule of Civil Procedure ("F.R.Civ.P.") 41(b). On April 17, 1986, the Court entered an Order directing that the Debtor file a written 41(b) Motion and that the parties file Proposed Findings of Fact, Conclusions of Law, and supporting Memoranda of Law thereafter.

12. The parties proceeded in compliance with this Order, and, on May 14, 1986, the Court entered an Order denying the Debtor's Motion pursuant to F.R.Civ.P. 41(b).

13. On May 27, 1986, the Debtor filed a Motion requesting Reconsideration of the Order of May 14, 1986.

14. On June 2, 1986, the Honorable Thomas M. Twardowski, United States Bankruptcy Judge, ordered the Petitioner to file an Answer to this Motion.

15. On August 28, 1986, the Motion for Reconsideration was argued before the Honorable David A. Scholl, United States Bankruptcy Judge.

---

2. J.I. Case Company; Case Power & Equipment; Bell Atlantic Mobile Systems, Inc.; Quick-Way, Inc.; Robert Hawthorne, Inc.; Modern Hi-Lift Equipment Co.; and the Petitioner.

3. The two (2) were J.I. Case Company and Case Power & Equipment.

4. Robert Hawthorne, Inc.

5. Modern H-Lift Equipment Co.

6. Bell Atlantic Mobile Systems, Inc.

7. Quick-Way, Inc.

8. These included Citibank VISA, Bell Atlantic Mobile Systems, Inc.; Bell Telephone Co.; Sears, Roebuck, and Co.; American Express Co.; Gimbels; and Mobil Oil Co. The Court would observe that communicating concerning the Debtor's account with Mr. Moran would possibly have constituted an illegal collection practice by these creditors, *See* 37 PA.CODE § 303.3(25)(i), and therefore, no inferences unfavorable to the Debtor can be drawn from this failure to discuss these debts with Mr. Moran.

9. John Wanamaker, Marion Bank, and Bamberger's.

## II. CONCLUSIONS OF LAW

1. This Court has jurisdiction of this case, by agreement of the parties.

2. The Petitioner is a holder of a claim against the Debtor, which is not contingent or subject to bona fide dispute, per 11 U.S.C. § 303(b). Hence, the Petitioner is an entity with standing to file this Petition.

3. Since the Court finds that the Debtor had, as of the date of the filing, at least twenty-three (23) creditors, the filing of the instant Petition by the Petitioner alone failed to satisfy 11 U.S.C. § 303(b)(1), requiring that the Petition be dismissed.

4. It is also doubtful that the Petitioner met its burden of establishing that the Debtor is not generally paying his debts as they come due, as required by 11 U.S.C. § 303(h)(1). Therefore, any amended Petition joined by other creditors would not be favored.

5. Bankr.R.P. 1018 allows this Court to apply Bankr.R.P. 7041 and, hence, F.R. Civ.P. 41(b) to these proceedings.

6. Reconsideration of the Order of May 14, 1986, is therefore appropriate and, per an attached Order, the Petition shall be dismissed on the Debtor's F.R.Civ.P. 41(b) Motion.

## III. DISCUSSION

After a careful review of the record made in this case on April 17, 1986, before Judge King, the Memoranda of the parties, the authorities cited therein, and independent research, the Court has determined that denial of the Debtor's Motion to Dismiss the Petition pursuant to F.R.Civ.P. 41(b) would merely prolong the Petitioner's hopeless case. Therefore, the Motion for Reconsideration is granted, and the Petition is dismissed.

We have determined that the Debtor's F.R.Civ.P. 41(b) Motion is an appropriate procedural device to bring this matter to a close. That Rule provides as follows:

(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. *After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. (emphasis added).

Per the text of the Rule itself and the holding of the Court of Appeals of the Third Circuit in *O'Brien v. Westinghouse Elec. Corp.*, 293 F.2d 1, 9 (3d Cir.1961), it is clear that this Court must make Findings of Fact and Conclusions of Law to support a disposition on a Rule 41(b) Motion. Also, Bankr.R.P. 1018, while not providing that Rule 7041 applies to all proceedings related to contested involuntary petitions, states that "[t]he court may direct that other rules in Part VII shall also apply." This Court, even in its resolution of the Debtor's Motion on the merits per Judge King in the Order of May 14, 1986, had *sub silentio* directed that Bankr.R.P. 7041, contained in Part VII of the Rules, shall be applied in this case. This resolution charts a logical path to a just and swift resolution of this matter. We note that this disposition is also consistent with the expedited disposition to be given to the resolution of contested involuntary petitions, per Bankr.R.P. 1013(a), due to the uncertainty that the

pendency of such a petition may cause to the operations of a debtor.

█ The issue upon which this matter is decided, i.e., 11 U.S.C. § 303(b)(1), is substantively a relatively simple one to resolve on the instant record. The Debtor, called as of cross-examination by the Petitioner, claimed that he had twenty-three (23) creditors. The Proofs of Claim filed by the City of Philadelphia and the School District of Philadelphia suggest that he had at least two (2) more creditors. The testimony of Mr. Moser, although admissible into evidence due to its adduction by the Debtor's counsel on cross-examination, provided no direct rebuttal to the Debtor's testimony. The Debtor's testimony, at least in viewing, as we must, the cold record seems forthright and worthy of belief.

█ Two (2) other issues deserve some mention. First, we believe that the Debtor's argument that the Petitioner is not "a holder of a claim against [the Debtor] that is not contingent or the subject on [sic] a bona fide dispute," per 11 U.S.C. § 303(b)(1), must fail. The Debtor argues that the Petitioner's status as a petitioning creditor is undermined because the Debtor has a potential counterclaim against the Petitioner. However, the Petitioner's claim has been reduced to a judgment, albeit a confessed judgment, which has not been challenged by a petition for relief or an appeal. *Compare In re Drexler*, 56 B.R. 960 (Bankr.S.D.N.Y., 1986) (presence of judgment, even though appealed but not stayed and even though subject to counterclaims, establishes the lack of a bona fide dispute per § 303(b)(1)). We also fail to find any suggestion of bad faith on the part of the Petitioner in its filing in the record thus far established, and we hope that any contemplated action on the Debtor's counterclaim pursuant to 11 U.S.C. § 303(i) can thus be avoided or settled.

However, lest the Petitioner accept the foregoing as encouragement to attempt to solicit other creditors to join it, or not be inclined to offer any settlement on the Debtor's counterclaim, we must advise that we would have considerable difficulty in finding that the Debtor is not "generally not paying [his] debts as such debts become due," which 11 U.S.C. § 303(h)(1) sets forth as another prerequisite for a successful involuntary petition, even had the proper number of creditors filed the petition. If we count the Petitioner's own debt in the category of debts not paid when due, only five (5) of twenty-five (25) debts appear to be currently in arrears. Since four (4) of these debts, i.e., all but the debt owed to the Petitioner, do not appear to be in dispute, it is not necessary for this Court to address the thorny issue of how disputed debts should be analyzed for purposes of § 303(h)(1), which is a subject of considerable dispute. *See, e.g., In re Dill*, 731 F.2d 629 (9th Cir.1984); *Matter of Covey*, 650 F.2d 877 (7th Cir.1981); *In re Maod-U-Lanes, Inc.*, 51 B.R. 660 (M.D.Fla.1985); and *In re R.N. Salem Corp.*, 29 B.R. 424 (S.D.Ohio 1983). While the Debtor here is not so "pure" as the debtor in such a case as *In re Leek Corp.*, 52 B.R. 311 (M.D.Fla. 1985), this Court does believe that the burden of establishing the element of 11 U.S.C. § 303(h)(1) falls upon the petitioning creditor. *See, Salem, supra*, at 428, 430. It is doubtful whether the foregoing facts meet this burden. Hence, were it not for our disposition of this case under 11 U.S.C. § 303(b), it is not clear that we would not be inclined to grant the Debtor's Motion on this ground as well.

Contrary to the Petitioner's suggestion, we do not find the comments in 2 D. COWANS, BANKRUPTCY LAW & PRACTICE (1986), to the contrary.[10] Rather, we find more pertinent the following comment in Cowans, which we hope will be instructive to the Petitioner:

---

**10.** In the section quoted by the Petitioner in its Memorandum, 2 D. COWANS, *supra*, § 14.22, at 609, the reference is to the burden of proof of the debtor on a F.R.Civ.P. 56 motion for summary judgment. The allocation of burdens on

such motion is quite distinct from that in the instant posture where the petitioner has had his "day in court" and has failed to present sufficient evidence to make out his case, and the matter is decided on a F.R.Civ.P. 41(b) motion.

**426**

A case under the Bankruptcy Code is a very serious matter both to debtors and creditors, it should not be ... too easily available to creditors in an involuntary case. *Id.,* ¶ 14.5, at 581.

While, as we indicated earlier, there is no evidence that the Petitioner has acted in bad faith, there is ample indication that the filing of this case and the presentation of evidence at trial was not approached with the requisite gravity by the Petitioner. Therefore, we shall not hesitate to enter the attached Order dismissing the Petition.