In re Melissa L. SCHILTZ, Debtor.

Kevin D. FITZPATRICK, Jr., Plaintiff,

v.

Melissa L. SCHILTZ, Defendant.

Bankruptcy No. 86–01883.
Adv. No. 86–0534A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 4, 1986.

Robert J. Cropp of Hyatt Legal Services, Stone Mountain, Ga., for debtor-defendant.

Kevin D. Fitzpatrick, Jr., pro se.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Presently before the Court is plaintiff's motion for summary judgment in the above-styled proceeding. The present motion was filed on August 18, 1986 and defendant-debtor filed a memorandum in opposition October 2. The underlying complaint in this proceeding seeks a determination of nondischargeability regarding a certain debt owed by debtor in the amount of $1,500.00, pursuant to 11 U.S.C. Section 523(a)(5). The following facts are not in dispute.

These parties were formerly married and were divorced on April 25, 1984. Debtor is indebted to plaintiff in the amount of $1,500.00 based on an order entered by the Superior Court of DeKalb County, dated February 3, 1986. Civil Action File No. 85–8232, see Attachment "A" to complaint. Although debtor contends she is not indebted to the plaintiff in her memorandum in opposition, no counter-affidavits were filed and the existence of the February 3, 1986 Order is not disputed. In this order, the Superior Court of DeKalb County awarded permanent custody of plaintiff and debtor's child to the plaintiff. In addition, the state court ordered that the debtor pay child support in the amount of $100 per month and awarded plaintiff reimbursement for attorney's fees in the amount of $1,500.00, payable in increments of $100 per month. The order also established the governing visitation rights. Debtor filed her petition under Chapter 7 on March 14, 1986.

In the February 3 Order, the Superior Court concluded that the original joint custody arrangement was no longer workable due to a change in condition affecting the child's welfare, primarily because debtor had moved her residence to Florida. *See* Order of February 3, 1986, page 7. That court found that the evidence showed plaintiff's net monthly income at $1,583.00 and debtor's at $1,686.72. The court also found that neither parent was unfit but determined that it would be in the child's best interest and welfare to be placed in the permanent custody of her father, plaintiff herein. *Id.* at pages 7–8.

## DISCUSSION

This matter is before the Court on plaintiff's motion for summary judgment. Fed. R.Civ.P. 56, made applicable herein pursuant to Bankruptcy Rule 7056, provides for the granting of a summary judgment if "... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of establishing such right of summary judgment is upon the movant. *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir.1982); *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir.1975).

In determining whether there is a genuine issue of any material fact the Court must view the evidence in the light most favorable to the party opposing the motion. *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir.1985); *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir.1984); *BAW Mfg. Co. v. Slaks Fifth Avenue, Ltd.*, 547 F.2d 928, 930 (5th Cir.1977); *Gross v. Southern Railway*, 414 F.2d 292, 297 (5th Cir.1969). The United States Supreme Court recently addressed the nature of the moving party's burden in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In that decision the Court held that Rule 56(c) does not require the moving party to negate the claims of the non-movant but instead requires that the moving party identify those materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact. *Id.*, at 323, 106 S.Ct. at 2553. In cases in which the moving party will bear the burden of persuasion at trial, that party must present credible evidence using the materials described in Rule 56(c) to support its motion.

Consistent with the underlying rationale of summary judgment procedure, a court may enter judgment in favor of the non-moving party sua sponte if it appears that the moving party could not prevail at trial. *Celotex, supra,* at 323, 106 S.Ct. at 2553; *Golden State Transit Corp. v. City of Los Angeles,* 726 F.2d 1430, 1431 n. 1 (9th Cir. 1984), *cert. denied,* 471 U.S. 1003, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985); *Procter & Gamble Indep. Union v. Procter & Gamble Mfg. Co.,* 312 F.2d 181, 190 (2d Cir. 1962), *cert. denied,* 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963); *In re Mod-U–Lanes, Inc.,* 51 B.R. 660 (Bankr.M.D.Fla. 1985); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* § 2720, at 28–30 (2d ed. 1983); 6 *Moore's Federal Practice,* ¶ 56.12, at 56–331 (1986). Accordingly, judgment may be granted in favor of the nonmoving party in the absence of cross-motion if no factual dispute exists and that party is entitled to judgment as a matter of law. Further, the party against whom judgment is taken must have been on notice and given the opportunity to come forward with all of their evidence on that issue. In the present case, the Court finds these requirements satisfied since plaintiff fully briefed the determinative issue on which this adversary proceeding and this Court's judgment is based.

Pursuant to Section 523(a)(5), any debt to a spouse, former spouse, or child of the debtor "for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record …" is excepted from discharge under Sections 727, 1141, or 1328(b). The burden of proof rests upon the party objecting to discharge and that party must prove, by a fair preponderance of the evidence that the obligation in question is actually in the nature of alimony, support, or maintenance and thus nondischargeable. *Edwards v. Edwards (In re Edwards),* 31 B.R. 113 (Bankr.N.D.Ga.1983); *In re Smith,* 436 F.Supp. 469, 477 (N.D.Ga.1977); *see also Reiten Equip., Inc. v. Wightman (In re Wightman),* 36 B.R. 246, 250 (Bankr.D.N. D.1984); *Wickman Mach. Tools, Inc. v. Bradford (In re Bradford),* 22 B.R. 899 (Bankr.W.D.Okla.1982); Bankruptcy Rule 4005.

After an examination of the record, the Court finds and concludes that no genuine factual disputes exist and that the remaining determination concerns a purely legal conclusion based upon an application of the law to the present facts. The question for determination is whether attorney's fees which are awarded to compensate a party in bringing a custody suit are in the nature of support and excepted from discharge. The determination of the proper characterization of the obligation is controlled by federal bankruptcy law and not state law. The Court will examine the function which the award was intended to serve. *See Harrell v. Sharp (In re Harrell),* 754 F.2d 902 (11th Cir.1985); *Melichar v. Ost,* 661 F.2d 300 (4th Cir.1981), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 442 (1982).

Generally, courts have held that an award of attorney's fees in connection with an alimony or child support decree are in the nature of alimony, maintenance, or support. *In re Williams,* 703 F.2d 1055 (8th Cir.1983); *Pauley v. Spong (In re Spong),* 661 F.2d 6 (2d Cir.1981). The court in *Spong* recognized that such an award "may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary under the law." 661 F.2d at 9. An attorney's fee award may also be held nondischargeable even if awarded in a post-divorce child custody proceeding. *Marks v. Catlow (In re Catlow),* 663 F.2d 960 (9th Cir. 1981) (construing Section 17(a)(7) of the former Bankruptcy Act, 11 U.S.C. Section 35(a)(7) (repealed 1979)). Such an award, however, must be sufficiently and directly related to a primary support obligation, which includes ancillary obligations awarded in response to those costs incurred in a proceeding to enforce the primary debt. *Long v. Long (In re Long),* 39 B.R. 535 (Bankr.E.D.Ark.1984); *Matter of Coleman,* 37 B.R. 120, 123 (Bankr.W.D.Wis.1984); *Cooley v. Sposa (In re Sposa),* 31 B.R. 307 (Bankr.E.D.Va. 1983).

Characterizing all family obligations as support may sweep too broadly and the

general rule that exceptions to discharge should be narrowly construed must be figured into the equation to promote the "fresh start" policy in bankruptcy. *Compare Coleman*, 37 B.R. at 125; *Rose v. Gedeon (In re Gedeon)*, 31 B.R. 942, 944–45 (Bankr.D.Colo.1983). Given that both policies are important in the law, reasoned and principled distinctions should be made in examining this question. In *Gedeon*, the court found that the petitioner had been awarded attorney's fees "to put her on an equal footing to pursue the matter of custody and support." 31 B.R. at 945. Similarly, in *Seymour Ostrow, P.C. v. Schwartz (In re Schwartz)*, 53 B.R. 407 (Bankr.S.D.N.Y.1985), the court determined that attorney's fees, awarded in a proceeding brought by the debtor nearly ten years following the original divorce decree to change visitation rights and maintenance and support payments, were nondischargeable. Without the award the state court concluded that the recipient spouse would have been unable to defend the suit. 53 B.R. at 411. *See Westmoreland, Patterson and Moseley v. Painter (In re Painter)*, 21 B.R. 846 (Bankr.M.D.Ga.1982) (without fee award, former spouse would have to pay law firm from funds needed to provide for necessities of life); *see also Hicks v. Hicks (In re Hicks)*, 65 B.R. 227, 14 B.C.D. 1226 (Bankr.D.N.M.1986) (fee and cost award held nondischargeable for expenses incurred by nondebtor parent in locating and recovering child abducted by debtor).

The present proceeding concerns a state court award of attorney's fees to a parent in connection with a proceeding subsequent to the original divorce decree for modification of custody rights. This Court recognizes that it is in the child's best interest to have all custody matters fully and fairly litigated, including post-divorce custody proceedings. The state court granted a custody modification. The Superior Court Order recites that both parents possessed comparable monthly income. Plaintiff is an attorney representing himself. This Court concludes that the only basis for finding that an award for attorney's fees in a state court divorce, post-divorce, or child custody proceeding is actually in the nature of support, is to determine whether the award was intended to address a financial necessity of the nondebtor spouse to enable that person to sue or defend such an action. *See Pauley v. Spong, supra*, 661 F.2d at 9; *Marks v. Catlow, supra*, 663 F.2d 960; *Painter, supra*, 21 B.R. 846. A court must examine the need of the recipient spouse at the time of the award to properly determine whether the award was directly related to that spouse's ability and means to otherwise provide for himself or his family while contesting the domestic action. The Court finds that neither the state court order nor the present record support the conclusion that the attorney's fees awarded in this case were so basic and necessary that the custody modification proceeding could not have been instituted without their reimbursement.

Accordingly, the Court concludes that the attorney's fee award of $1,500.00 in this case is not sufficiently connected to the core concern of 11 U.S.C. Section 523(a)(5) for the protection of family obligations, and it is hereby

ORDERED that plaintiff's motion for summary judgment is DENIED. The Court also concludes that there are no genuine issues of material fact and that debtor is entitled to judgment as a matter of law, and it is

FURTHER ORDERED that summary judgment is GRANTED in favor of debtor and plaintiff's complaint is DISMISSED and the subject debt is dischargeable pursuant to the debtor's discharge which has been or will be granted herein.

Judgment will be entered accordingly.

IT IS SO ORDERED.