In re Robert James **FARRELL**, Debtor.

Denise F. **HAYDEN**, Plaintiff,

v.

Robert James **FARRELL**, Defendant.

Bankruptcy No. IP91–458–RWV–7.
Adv. No. 91–92.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Aug. 8, 1991.

Denise F. Hayden, Gaddy & Gaddy, pro se.

James S. Kowalik, Hostetler & Kowalik, Indianapolis, Ind., for debtor.

## ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF

RICHARD W. VANDIVIER, Bankruptcy Judge.

This matter comes before the Court on the Plaintiff's Motion for Summary Judgment, filed on June 5, 1991, and on the Debtor's Motion for Summary Judgment, filed June 20, 1991. The matters were heard on June 26, 1991. The Court now grants the Plaintiff's motion and denies the Debtor's motion on the following findings of fact and conclusions of law.

### *Findings of Fact*

The parties agree that the underlying facts are essentially undisputed. The Plaintiff, an attorney, represented the Debtor's former wife ("the Wife") in a pre-petition dissolution proceeding. After a preliminary hearing, by order of July 12, 1990, the state court judge found that it was in the best interest of the parties' child to remain in the custody of the Wife. In early September, 1990, the Debtor refused to return the child to the mother after a weekend visit. The Wife then sought and, on September 11, 1990, obtained an order, requiring the Debtor to return the child to the Wife.

On January 2, 1991, the state court entered a final decree of dissolution, which awarded custody to the Wife. The decree included the following finding:

(31) That Jane [the Wife] has incurred attorney fees and other legal expenses in this action which total $3048.72. That part of the legal expenses incurred by Jane resulted from the fact that Robert [the Debtor] refused to return the minor child to Jane after a weekend visit in violation of a court order in this cause, which action on the part of Robert caused Jane to file a petition for contempt and a petition for return of the child. Because of his acts, Robert should be ordered to pay $600.00 of the attorney fees incurred by Jane in this action, and Jane should be ordered to pay the balance of attorney fees and legal expenses she has incurred in the action. Provided that Robert pays the $600.00 attorney fee to Jane's attorney as ordered by this finding, no further punishment will be imposed by the Court for the act of indirect contempt of Court on the part of Robert.

The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on January 16, 1991, and on March 8, 1991, the Plaintiff initiated this adversary proceeding seeking a determination that the $600.00 attorney fee award is nondischargeable under 11 U.S.C. section 523(a)(5).

Further findings of fact are contained in the Court's conclusions of law below.

### *Conclusions of Law*

The Court has jurisdiction over this matter. *See* 28 U.S.C. section 157(b)(2)(I).

A discharge under Chapter 7 does not discharge an individual debtor from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child...." 11 U.S.C. section 523(a)(5). To the extent that the divorce obligations are in the nature of support, they are nondischargeable. To the extent they are simply property/debt settlement, they are dischargeable.

The Debtor argues that the obligation to pay $600.00 in attorney fees is not nondischargeable support for basically two reasons. First, because the Wife's financial situation, including her income, was better

than the Debtor's, the award was not necessary for the Wife to pursue the action for the return of the child, and thus cannot be characterized as support. Second, the state court itself did not characterize the award as support, but instead as punishment imposed for indirect contempt of court.

■ The second item will be addressed first. Though not dispositive, the description of an obligation is indicative of its nature. *See In re Frey,* 13 B.R. 12, 13–14 (Bankr.S.D.Ind.1981). The Court cannot agree, however, that the state court characterized the award as punishment *rather than* support. The Wife brought both an action for return of the child and a contempt action after the Debtor failed to return the child to her custody. She succeeded in obtaining an order requiring the immediate return of the child and temporarily suspending the Debtor's unsupervised visitation rights. No provision was made for punishment of the Debtor's contempt, aside from the part of the final decree, quoted above, stating that if the Debtor paid the attorney fee award, "no further punishment will be imposed ... for the act of indirect contempt...." However, just because this award may have served in some degree to punish the Debtor for disobeying a court order, the primary purpose was to compensate the Wife for the actual legal expenses incurred in obtaining the return of the child. This was not a windfall to the Wife, as punitive damages might be. The Court therefore finds that the state court, by its reference to "punishment", did not intend to characterize the award as unrelated to the welfare or support of the child.

For the first proposition, the Debtor relies primarily on *In re Schiltz,* 97 B.R. 671 (Bankr.N.D.Ga.1986), in which the court determined attorney fees awarded in connection with a post-divorce custody modification proceeding were dischargeable. That court held that the only basis for finding that an attorney fee award in any divorce or custody proceeding is in the nature of support is "to determine whether the award was intended to address a financial

necessity of the nondebtor spouse to enable that person to sue or defend such an action." *Id.* at 674. The court found the attorney fees awarded dischargeable since they were not "so basic and necessary that the custody modification proceeding could not have been instituted without their reimbursement." *Id.*

Most courts, however, have found attorney fees awarded in connection with child support, visitation, and custody proceedings to be in the nature of support. *See e.g. In re Vazquez,* 92 B.R. 533 (S.D.Fla. 1988); *In re Snider,* 62 B.R. 382 (Bankr. S.D.Tex.1986); *In re Schwartz,* 53 B.R. 407 (Bankr.S.D.N.Y.1985); *In re Gedeon,* 31 B.R. 942 (Bankr.D.Colo.1983). While one party's financial inability to pursue or defend the action absent an award of attorney fees was a central factor in some of these decisions, it is not even mentioned in others. *See e.g. In re Vazquez, supra.* The disparity between the financial conditions of the parties is just one factor in determining the nature of an obligation. *See In re Maitlen,* 658 F.2d 466, 469–70 (7th Cir.1981); *In re Woods,* 561 F.2d 27, 30–31 (7th Cir.1977).

In this case, the Debtor's income was less than the Wife's. Yet he was ordered to pay child support to her under the state's child support guidelines. Clearly the parties' relative income levels alone would not mandate a finding that this obligation is not in the nature of support. Nor should the fact that the former wife might have managed to pursue her action to recover the child without reimbursement of attorney fees. After all, debtors may not discharge child support obligations by showing that the custodial parent could provide the child with the bare necessities of life without the additional support. In this case, the divorce court obviously took into consideration the disparity in the parties' incomes in deciding that the Wife should be responsible for most of the attorney fees she incurred.

However, the proceeding to return the child was a distinct proceeding within the divorce action, it related solely to issues involving the child's welfare, and it was

necessitated by the Debtor's violation of the state court's earlier custody order. The court found the Debtor's violation unjustified and ordered immediate return of the child, finding both in its preliminary order and its final decree that the child's best interests would be served by his remaining in the custody of his mother. The attorney fees were incurred to compel the Debtor to comply with what the state court determined to be in the best interests of his child. Under these circumstances, the Court concludes that the attorney fee award is in the nature of child support within the meaning of 11 U.S.C. section 523(a)(5), and is therefore nondischargeable.

Because there is no genuine issue of material fact and the Plaintiff is entitled to judgment as a matter of law, she is entitled to summary judgment. *See* Bankruptcy Rule 7056. Costs will be taxed against the Debtor. *See* Bankruptcy Rule 7054. However, there is no basis for awarding her the costs of attorney fees for bringing this action, and so this relief is denied.

The Court therefore GRANTS the Plaintiff's Motion for Summary Judgment and DENIES the Debtor's Motion for Summary Judgment. Judgment will be entered separately.

SO ORDERED.