IN RE William J. REYNOLDS, Debtor.

Lee Reynolds a/k/a/ Leonne Reynolds, Plaintiff,

v.

William J. Reynolds, Defendant.

Case No. 6:14–bk–13202–KSJ

Adversary No. 6:15–ap–00010–KSJ

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Signed May 18, 2015

---

**37.** 3 F.3d 1512 (11th Cir.1993).

**38.** *Id.* at 1516.

Lawrence M. Kosto, Raymond J. Rotella, Kosto & Rotella PA, Orlando, FL, for Plaintiff.

Stanley R. Andrews, Titusville, FL, for Defendant.

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Karen S. Jennemann, Chief United States Bankruptcy Judge

Plaintiff, Lee Reynolds, seeks summary judgment on her complaint to determine three judgments entered by a New York state court (the "Judgments") non-dischargeable in her former husband's, the Debtor William Reynolds', bankruptcy case.[1] Plaintiff argues the judgments are not dischargeable under both §§ 523(a)(5) and 523(a)(15) of the Bankruptcy Code.[2] Under Federal Rule of Civil Procedure 56,[3] "[t]he court shall grant summary judgment if the movant shows that there is no

---

1. Plaintiff's Motion for Summary Judgment, Doc. No. 7.

2. All references to the Bankruptcy Code refer to 11 U.S.C. § 101, et seq.

3. Fed. R. Civ. P. 56, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056.

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] The moving party has the burden of establishing the right to summary judgment.[5] Based upon the paucity of explanation in the Plaintiff's motion, the Court cannot find the Plaintiff met her burden to prove she is entitled to judgment as a matter of law.

As to the Plaintiff's § 523(a)(5) claims far more evidence would be required to determine whether the judgments are "in the nature of support."[6] Specifically, the Stipulation for Settlement, which the parties' divorce decree incorporated, includes an explicit waiver of "maintenance and/or support," i.e., alimony.[7] Plaintiff's motion does not overcome this obstacle.

As to the Plaintiff's § 523(a)(15) claims, she provides absolutely *no* explanation of the Judgments or their origin or how they relate to the divorce or the parties' settlement. One appears to be an award of attorney fees relating to the first two judgments,[8] but the other two contain zero information on how they relate to the parties' divorce.[9] Section 523(a)(15) only excepts from the discharge debts to a "former spouse ... incurred by the debtor in the course of a divorce or separation or *in connection* with a separation agreement, divorce decree or other order of a court of record."[10] No explanation or evidence, aside from the Plaintiff's conclusory statements in her affidavit,[11] explain how the Judgments are connected to her divorce. Moreover, the Defendant, in his Declaration, raises issues of material fact as to whether the Judgments are connected to the divorce and whether they were satisfied.[12] In fact, Defendant's Declaration is the **only** evidence from which the Court can infer the possible substance of the claims behind the Judgments, none of which supports their non-dischargeability.

Because material factual disputes exist and the Plaintiff has failed to establish any basis for summary judgment as a matter of law, the Plaintiff's motion for summary judgment is denied without prejudice. By separate order, the Court will set a trial in this adversary proceeding for **1:00 p.m. on September 15, 2015.**

ORDERED.

---

4.  Fed. R. Civ. P. 56(a).

5.  *Fitzpatrick v. Schlitz (In re Schlitz),* 97 B.R. 671, 672 (Bankr.N.D.Ga.1986).

6.  Section 523(a)(5) provides any debt constituting a "domestic support obligation" is not dischargeable. Section 101(14A) defines "domestic support obligation" as a debt that is owed to or recoverable by a spouse that is "in the nature of alimony, maintenance, or support ... of such spouse" and established by "a separate agreement, divorce decree, or property settlement agreement ...." § 101(14A). Plaintiff bears the burden to prove that, "at the time of [the debts'] creation the parties intended the obligation[s] to function as support or alimony." *Cummings v. Cummings,* 244 F.3d 1263, 1265 (11th Cir. 2001).

7.  Doc. No. 8–2 at 13.

8.  Ex. C to Plaintiff's Motion for Summary Judgment (Doc. No. 7–3).

9.  Exs. A & B to Plaintiff's Motion for Summary Judgment (Doc. No. 7–1; 7–2).

10.  11 U.S.C. § 523(a)(15) (emphasis added).

11.  *See* Lee Reynolds Aff. (Doc. No. 8).

12.  William Reynolds Aff. (Doc. No. 11).